TOWNSHIP OF SWAN CREEK v. BROWN.

1. DRAINS—IRREGULARITY—REMEDY.
   A person who, having notice of the establishment of a county drain, does not have the proceedings reviewed on *certiorari*, as provided by 2 Comp. Laws, § 4346, cannot, after the contract is let and the drain partially constructed, have the proceedings enjoined for the delay of the commissioner in acting upon the petition. *Moore* v. *McIntyre*, 110 Mich. 237.

2. SAME—BILL TO RESTRAIN—PARTIES.
   A person whose land is not injured by the construction of a drain cannot maintain a bill to restrain its completion.

3. SAME—TOWNSHIP AS COMPLAINANT.
   A township cannot maintain a bill to restrain a drain on behalf of landowners who claim to be injured thereby.

4. SAME—INJURY TO PUBLIC HEALTH—DETERMINATION OF JURY.
   Whether the construction of a public drain will be injurious to the public health is a question that cannot be determined by a court of equity in a suit to set aside the proceedings; the finding of the special commissioners or jury thereon is conclusive.

Appeal from Saginaw; Beach, J. Submitted February 21, 1902. (Docket No. 44.) Decided April 22, 1902.

Bill by the township of Swan Creek and Helon B. Allen against Alonzo M. Brown, drain commissioner of Saginaw county, to enjoin the construction of a drain. From a decree dismissing the bill, complainants appeal. Affirmed.

The purpose of the bill filed in this case is to restrain the completion of a county drain laid out, established, and partly constructed through the townships of complainant, Fremont, and Richland, and to restrain the levy and collection of assessments made in complainant township for the construction of said drain.

Application was filed with the county drain commissioner June 20, 1899. His opinion that it was necessary was made February 2, 1900, and an order was duly made by him establishing the drain in accordance with the minutes of the survey. Releases of right of way were obtained through the lands of several owners in the township of Swan Creek. June 7, 1900, application was made to the probate court for the appointment of special commissioners. They were duly appointed, time for hearing fixed for June 28th, and citations duly issued, published, and served upon the proper parties. June 28th three special commissioners were appointed. These commissioners appointed the 7th day of July, 1900, at 9 o'clock, at a given place, for their meeting. The special commissioners were duly sworn, made the examination, and condemned certain lands, awarding damages therefor. The drain commissioner's final order of determination was made July 10th, wherein said drain is named as "Marsh Creek Drain No. 2," and the tracts or parcels of land to be assessed for benefits in the construction of the drain were determined. Notice of letting contracts and review of assessments was duly given and published, fixing the time as July 30th. Personal service of notice of review and of letting contracts was made. August 31, 1900, the apportionment of benefits was made by the drain commissioner for the townships of Fremont, Richland, and Swan Creek. To Fremont was apportioned 51 per cent., to Richland 15 7-10, and to Swan Creek 33 3-10 per cent. This was subsequently changed by the board of review as follows: To Fremont 54 11-40 per cent., to Richland 17 17-40 per cent., and Swan Creek 28 3-10 per cent. Benefits were also duly apportioned by the drain commis-

sioner and the board of review of the township of Swan Creek upon the several pieces of land therein found to be benefited. These proceedings were all completed on July 30th. The computation of the cost of the drain by the commissioner was $12,000. Its share was duly assessed to the township of Swan Creek upon its roll, dated September 5, 1900, at $3,365. Like special assessment rolls were made for the townships of Fremont and Richland. The supervisor of the township of Swan Creek appealed from the apportionment for benefits August 9th, and the decision and report of the board of review was made August 31st. A map of the route of the drain and a profile thereof were duly made, and were produced in evidence. The case was heard upon pleadings and proofs, and the bill dismissed.

*Frank E. Emerick* ( *G. W. Davis*, of counsel ), for complainants.

*James H. Davitt*, for defendant.

Grant, J. ( *after stating the facts* ). 1. Counsel for the complainants say in their brief that the proceedings. are not questioned except in two or three particulars, one of which is the laches of the drain commissioner in acting upon the petition, and the other that the provision of the act under which the cost of constructing this drain was apportioned is unconstitutional. These points were not argued in the main brief of complainants, but are argued in the reply or supplemental brief. Whether they should now be considered we will not decide. Section 4346, 2 Comp. Laws, provides a remedy by *certiorari* when the proceedings are attacked for defects. The statute gives 10 days in which to give notice of such *certiorari*, and, if such proceeding be not taken within the time prescribed, its legality shall not be questioned in any suit at law or in equity. No such proceedings were instituted, and no objection made until the filing of this bill, on October 22d. Meanwhile the contract had been let, and $3,589 expended in the construction of the work. Complainants did not

act with sufficient promptness, and are guilty of laches which bars their right to review defects, either by *certiorari* or by a bill in equity. *Moore* v. *McIntyre*, 110 Mich. 237 (68 N. W. 130), and authorities there cited.

2. Complainant Allen has not alleged in his bill, nor shown by his testimony, that his land is injured by the construction of this drain. He is, therefore, not entitled to maintain this suit. All the cases cited by the complainants in support of their contention are cases in which drain commissioners have flooded the lower lands by turning upon them an unusual flood of water from the higher lands, to the injury of the lower estate. Authorities are uniform that this cannot be done, even under the authority of the drain commissioner, without compensation.

3. The complainant township, as a municipality, owns no land to be injuriously affected. It cannot maintain a bill in behalf of those landowners in the township who do claim to be injuriously affected. Each landowner may maintain a suit to determine that question, but the township cannot interfere, and impose the cost of such suit upon the entire township. It follows that, if the township can maintain this suit, it is upon the sole theory that the construction of this drain will empty the waters of Richland and Fremont townships upon the lands of the township of Swan Creek, to the injury of the public health. The obvious reply is that this power is not, by law, conferred upon courts. It is placed exclusively in the power of those tribunals established by the law for the sole purpose of determining the question of necessity and of eminent domain. Neither the circuit court nor this court is at liberty to substitute its judgment upon this point for the judgment of the special commissioners who were appointed to determine that question. The testimony upon this point is conflicting. The finding of the special commissioners or a jury appointed under the statute to determine this is as conclusive upon the courts as is the verdict of a jury upon contested questions of fact. *Clark* v.

*Drain Com'r*, 50 Mich. 618 (16 N. W. 167); *Smith* v. *Carlow*, 114 Mich. 67 (72 N. W. 22).

Decree is affirmed, with costs.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.