STRACK v. MILLER.

134  311
147  287
134  311
150  128
134  311
f151  670

DRAINS—APPLICATION—EQUITY JURISDICTION.
  Where a drain commissioner, acting upon an insufficient application, has only examined the proposed improvement, and made his first order of determination, under 2 Comp. Laws, § 4320, a court of chancery will not restrain the proceedings, as the statute affords an adequate remedy.

Appeal from Monroe; Lockwood, J. Submitted May 15, 1903. (Docket No. 90.) Decided September 15, 1903.

Bill by William Strack against John B. Miller, drain commissioner of Monroe county, to enjoin the construction of a drain. From a decree for complainant, defendant appeals. Reversed.

*E. R. Gilday*, for complainant.

*Willis Baldwin*, for defendant.

MOORE, J. The bill was filed in this case to enjoin defendant from laying out and constructing a new drain on complainant's lands, on the ground that the petition gave him no jurisdiction to act, because the statute (chapter 3, § 1, of the drain laws), as amended in 1899 (Pub. Acts 1899, Act No. 272), requires five of the ten freeholders who signed the application to be owners of land liable to an assessment for benefits in the construction of said drain, while only four of the signers were so liable, and because there was no drain or watercourse on the land of complainant, where defendant was seeking to lay one out. Defendant in his answer claims the petition asked him to deepen and widen an existing drain, and was governed by section 4379, 2 Comp. Laws, which requires for the deepening and widening of an existing drain that the petition need be signed by only five freeholders, one or

more of whom shall be owners of land liable to an assessment for benefits in the cleaning out, and that four of the signers were so liable. Defendant further claimed' in his answer that at the time there existed across the lands of complainant an old drain, laid out and established in 1876 by the town drain commissioner, which was the drain he proposed to deepen and widen. The answer also contained a demurrer to the bill for the following reasons:

1. Because the bill does not state a cause of action.
2. Because the probate court was the forum to ascertain complainant's damages, if any.
3. Because, if complainant suffered damage, the same should be ascertained in the statutory method.
4. Because the commissioner had not made his final order upon the drain, nor in any way signified his intention of entering complainant's premises.

The court heard the case upon the merits, and found from the evidence that no drain and no natural watercourse existed across complainant's land on the line described in the petition under which the commissioner was acting, and, as five or more of the petitioners did not own land liable to an assessment for benefits, he was acting without authority, and a decree was granted as asked for by the complainant. From this decree defendant has appealed.

We think the disposition of one question should dispose of the case, and that question is, Should the chancery court take jurisdiction under the facts disclosed by the record? All that had been done by the drain commissioner when the bill was filed was to receive a petition asking for the deepening and widening of a drain, after which he examined the proposed improvement, and made his first order of determination, as provided by section 4320, 2 Comp. Laws. The bill does not allege, nor the proofs show, he had committed or threatened any act of trespass. Doubtless his next step would have been to make application to the probate court for the appointment

of special commissioners or a jury.    Section 4323, 2 Comp. Laws, requires the court to make an examination of the proceedings and of their regularity, and requires notices to be given of the time and place of hearing.    Section 4325, 2 Comp. Laws, provides that all persons interested shall be heard, and allows certain amendments to be made, if the application to establish the drain is shown to be sufficient under the statute.    Section 4345 provides for an appeal, and section 4346 provides for a review of the proceedings upon *certiorari*.    The purpose of the statute undoubtedly is to give an opportunity to have a speedy hearing upon any question of jurisdiction or any question of irregularity.    If the complainant had sworn to the probate court that the application was fatally defective, the proceeding could have then been ended.    The same result could have been reached before a board of review.    This could have been accomplished without so much delay and expense as is involved in a chancery proceeding.    This court has repeatedly construed the provision of section 4346 which provides for a review of these proceedings upon *certiorari*.    See *Township of Whiteford* v. *Monroe Probate Judge*, 53 Mich. 130 (18 N. W. 593); *Bettis* v. *Lenawee Probate Judge*, 54 Mich. 608 (20 N. W. 608); *Campau* v. *Charbeneau*, 105 Mich. 422 (63 N. W. 435); *Brady* v. *Hayward*, 114 Mich. 326 (72 N. W. 233); *Township of Swan Creek* v. *Brown*, 130 Mich. 382 (90 N. W. 38).    No such case was stated in the bill of complaint or shown by the proofs as to call for the interposition of a court of equity.

Decree is reversed, and bill of complaint dismissed.

The other Justices concurred.