HORN *v.* BOARD OF SUPERVISORS OF LIVINGSTON
COUNTY.

Drains — Action of Commissioner — Review — Assessments—
Authority of Board of Supervisors.

> In view of the provision of Act No. 272, Pub. Acts 1899, chap.
> 5, § 3, that the proceedings of a county drain commissioner in
> establishing any drain shall be subject to review on *certiorari*
> as therein provided, and that, if no *certiorari* be brought
> within the time therein prescribed, the legality of the drain
> shall not thereafter be questioned in any suit at law or equity,
> the board of supervisors cannot, under 1 Comp. Laws, § 3860,
> review the action of the commissioner, and refuse to order
> the spreading of the assessments for the drain.

*Certiorari* to Livingston; Smith, J. Submitted January 5, 1904. (Calendar No. 20,264.) Decided February 2, 1904.

*Mandamus* by George Horn, drain commissioner of Livingston county, to compel the board of supervisors of said county to order the spreading of a drain tax. From an order granting the writ, respondent brings *certiorari*. Affirmed.

The relator, the drain commissioner of Livingston county, upon a proper petition, took proceedings to widen, deepen, and clean out an old drain. The proper order was made, the cost apportioned between the two townships, and an assessment district established, in which a portion of the cost was assessed according to benefits. The contract for its construction was advertised to be let March 10, but was adjourned from time to time until April 17, 1903. The contract was let, and its construction proceeded with. The commissioner reported the assessments to the board of supervisors. The board, at its regular meeting October 17th, refused to order the tax spread, by a resolution that:

"*Whereas*, there is some question as to whether or not the proceedings for the construction of said drain have been legal, and whether said proposed tax is a legal tax: Therefore be it *Resolved*, that we hereby refuse to authorize the supervisors of the townships of Conway and Cohoctah to spread any tax upon their respective rolls, either upon the town at large or upon private property therein, for the construction of said drain, or for widening, deepening, or cleaning it."

Relator then applied to the circuit court for the county of Livingston for the writ of *mandamus* to compel the supervisors to order the assessments spread. The court granted the writ, and the case is now before us for review.

*A. E. Cole* (*Edmund C. Shields*, of counsel), for relator.

*Louis E. Howlett*, for respondent.

GRANT, J. (*after stating the facts*). Two defects are relied upon: (1) That the commissioner changed the depth of the drain from a depth of 7 feet to that of 6, and (2) that he adjourned the review of the assessments beyond the date of letting the contract. The change actually made was only sixteen-hundredths of a foot, and there is no claim that any one was injured by this insignificant change in depth. The original order was for a drain 7 feet deep. By a mistake of the surveyor, on which the order was based, its depth was fixed at 7.84 feet. To correct this error of the surveyor, the change was made, and the contract advertised and let in accordance with the change. The statute expressly authorizes an adjournment for hearing objections to, and a review of, the assessments.

Counsel for respondent relies upon section 3860, 1 Comp. Laws, for the authority of the board to review the action of the drain commissioner, and declare the proceedings void. The particular part of the section reads as follows:

"They shall direct that such of the several amounts of money proposed to be raised for township, school, highway, drain, and all other purposes as shall be authorized

by law be spread upon the assessment roll of the proper townships, wards, and cities."

The board of supervisors is not endowed with unlimited power to determine the validity of taxes assessed by township and county officers, and its action is not always essential to the spreading of the tax.   *Robbins* v. *Barron*, 33 Mich. 124.   This court there held that the only duty of the supervisors is to see that the sums are authorized by law, and that then the duty to give the proper direction is imperative.   It was also held that, in the absence of the direction of the board, the township authorities could proceed to the levy of the taxes which had been lawfully voted.   This provision of the statute must be construed with other provisions controlling special proceedings, and especially where such statutes are passed subsequent to that relied upon as authority.   The drain law provides a speedy remedy for those desiring to contest the validity of the proceedings.   This remedy has been frequently pointed out and construed by the decisions of this court.   A reference to two cases is sufficient:   *Moore* v. *McIntyre*, 110 Mich. 237 (68 N. W. 130); *Township of Swan Creek* v. *Brown*, 130 Mich. 382 (90 N. W. 38).

Under the statute, the courts have no power to review the action of a drain commissioner for defects in his proceedings, unless the party complaining takes steps to determine their validity within the time fixed by the statute. It would be incongruous to confer this power upon the board of supervisors after the time fixed for the courts to exercise it has expired.   If this were the law, the construction of the drain must be deferred oftentimes for a year or more, awaiting the action of the board of supervisors, and the law providing for a review would become a nullity. The drain law provides a special remedy, and any one complaining must avail himself of that remedy.   If he avails himself of it, he has had his day in court.   If he fails to avail himself of it, he is barred by the statute from questioning "its [the drain's] legality in any suit at law or equity."   Act No. 272, Pub. Acts 1899, chap. 5, § 3.

No one but the supervisor of Cohoctah township took any steps to contest the validity of the proceedings in this case. He filed a bill in chancery, and his bill was dismissed, from which he took no appeal. Nothing further was done until the action of the respondent at its annual meeting. The affidavit for the writ of *certiorari* in this case is made by the same supervisor. He, as well as all others, is now estopped to contest the validity of these proceedings. Whether a party whose lands are assessed can defend in an action at law where the commissioner had no jurisdiction is not before us for determination.

The judgment of the court below is affirmed.

The other Justices concurred.