HUDLEMYER v. DICKINSON.

1. DRAINS—COMMISSIONER'S AUTHORITY—TRESPASS.

Section 8 of chapter 8 of the drain law, as amended (Act No.. 272, Pub. Acts 1899), gives a drain commissioner no authority to dig up tiling in the highway in front of premises, placed there in consideration of the owner granting a right of way for the drain across his front, though the tiling, when. obstructed, fails to carry all the water flowing in the drain.

2. SAME—ASSESSMENT—BOARD OF REVIEW—HEARING.

On appeal from the assessment of a drain commissioner, the· board of review have no right to allow the commissioner to· appear before them privately and discuss matters before them. for determination.

3. SAME—COMMISSIONER—ASSESSMENT—FRAUD.

On a bill by a landowner for relief from a drain tax, evidence· considered, and held, sufficient to show that the conduct of the drain commissioner and the board of review in the proceedings amounted to a fraud upon complainant.

4. SAME—ASSESSMENT OF BENEFITS—LANDS INCLUDED.

A board of review, on appeal from the assessment of a drain· commissioner, have no right to refuse to include in the drainage district lands which they find to be benefited, on the ground that other lands of the same owners are assessed in an amount sufficient to cover all benefit to lands not included; section 4350, 2 Comp. Laws, providing that all assessments. shall be upon the principle of benefits derived.

5. EQUITY—JURISDICTION—DRAIN PROCEEDINGS—FRAUD.

The chancery court has jurisdiction to grant relief from the· fraudulent conduct of a drain commissioner in including in a drainage district land not benefited.

6. SAME—DECREE.

The chancery court cannot sit as an appellate court to review questions of regularity or charges of error in the proceedings, of a drain commissioner not affecting jurisdiction, nor can it. substitute its judgment and discretion for that of the officers. to whom it has been by law confided, and a decree setting aside a drain tax for fraud, which attempts to save that part of the proceedings not affected by the fraud, as provided by· sections 11 and 12 of chapter 6 of the drain law (§§ 4634, 4635, 2 Comp. Laws), heretofore held unconstitutional, will be, in that respect, modified on appeal.

Appeal from Calhoun; Hopkins, J. Submitted October 11, 1905. (Docket No. 35.) Decided March 5, 1906. Rehearing denied October 1, 1906.

Bill by Eli Hudlemyer against Edward D. Dickinson, drain commissioner, and Jesse C. Stage, C. C. Wheeler, and George S. Woolsey, members of the board of review, to restrain the levy of a drain tax. From a decree for complainant, defendants appeal. Modified and affirmed.

*Hatch & Page*, for complainant.

*Elmer N. Peters* (*John C. Patterson*, of counsel), for defendants.

McAlvay, J. Complainant owns and resides upon certain land in section 3, Clarence township, Calhoun county. Along the highway in front of his house is a county drain running towards the west, known as the "Ponto-Lininger Drain," established more than 20 years ago. When this drain was constructed, in consideration of a right of way across his front, two tiers of 15-inch tiling, one above the other, five rods long, were put in by the authorities and the ditch filled in solidly, making an approach from the road into his premises. These tile, when obstructed, did not carry the water away fast enough, and caused backwater and overflow upon lands above. Application was made to the drain commissioner for a new outlet to this drain, taking the water from it at a point 80 rods above complainant's premises, leading it northwesterly about a mile and emptying into what is known as "Devil's Lake Drain." By this outlet much land along its course would be drained and benefited, and the drain below would be relieved of the large amount of water coming down, and the tile in the drain in front of complainant's premises would readily take care of all the water coming into it. Water from complainant's land could not flow out of the new outlet, which was higher up the drain. The petition for these proceedings was presented in November, 1902. On April 24, 1903, defendant drain

commissioner, although forbidden by complainant's wife, tore out these tile in front of complainant's place and made an open ditch, over which he built à bridge so that complainant could reach the highway. On May 27, 1903, the said drain commissioner made his final order of determination, establishing this new outlet, creating the district, and making the assessment, which he filed with the county clerk May 29, 1903. Complainant, July 18, 1903, appealed from this assessment. A board of review was appointed, which met and heard the appeal. The assessment was sustained in all respects and the appeal dismissed with costs against complainant, which were afterwards taxed at $224.55.

Complainant afterwards filed his bill of complaint in this case charging fraudulent conduct upon the part of the drain commissioner in making such assessment upon complainant's land, and that the board of review acted fraudulently in sustaining the same, claiming also that the assessment was a cloud upon his title. He prayed for an injunction restraining the levy of this drain tax; also that the assessment for benefits as made and reviewed in said proceeding against him be declared null and void; that the board of review be required to reconvene and reassess said lands, omitting complainant's lands, or that the drain commissioner be required to reassess said lands, omitting complainant's land; that the lands found by the board of review in its report to be drainage lands be by said commissioner and board of review added to said assessment district; and for general relief. Defendants answered the bill of complaint, admitting their action, but denying the bad faith and fraud charged, and claimed the benefit of a demurrer for want of equity.

A large amount of testimony was taken by both parties upon the hearing in open court, and a decree was granted in favor of complainant as prayed. This decree need not be set out in full, but such parts of it as may be necessary will be referred to later. Complainant in this case by his bill of complaint makes out a case which, if sustained by his

proofs, will entitle him to equitable relief. He claims, also, that having presented such a case as entitled him to relief, the court, having assumed jurisdiction, was clothed with power to correct any gross injustice and to relieve against fraud.

The fraudulent acts and conduct of defendant drain commissioner charged by complainant are: That without any authority he wrongfully and fraudulently, and for the fraudulent purpose of creating the condition which now exists in front of complainant's premises, so that he could fraudulently claim that complainant's land would be benefited and should be included in the assessment district for the new outlet, took out the drain tile in front of complainant's residence, digging out all the earth which covered the tile, and made an approach or driveway from the highway into his premises, which tile and driveway had been put in as compensation to complainant for the right of way for this drain across the front of his premises in the highway; that he wrongfully included this 40 acres of complainant in the assessment district created for the new outlet of the drain, when said defendant knew that no benefit whatever would accrue to complainant; that after filing his final order of determination with the county clerk and advertising the same, he wrongfully changed the same, taking out land which he had included and determined as part of said district; that during the hearing of the appeal before the board of review said drain commissioner, in the absence of complainant, entered the room of said board while in session and made fraudulent representations to them and thereby wrongfully and fraudulently influenced them in their determination of the case before them.

The conduct of the board of review which complainant charges to amount to a fraud upon him is that they included these premises in the assessment district when it appeared he was not benefited by the new outlet, and were influenced to do so by the improper conduct of the drain commissioner above stated and his representations

and promises then made; that they refused to include in said district lands which were admitted by them to be benefited by the new outlet, and fraudulently confirmed the action of the drain commissioner for the purpose of putting upon complainant the large amount of costs of his appeal.

The drain commissioner had no authority whatever to dig out the tile and driveway in front of complainant's residence.   Defendants in their brief justify this action under section 8 of chapter 8 of the drain law as amended (Act No. 272, Pub. Acts 1899).   This section provides that whenever any person shall obstruct any established drain it shall be the duty of the drain commissioner to remove the obstruction.   It does appear that to remove this obstruction it was not necessary to tear out complainant's driveway, nor was any notice under this section given to complainant, or proof offered to charge him with having obstructed the drain.   The commissioner claims that this was done after all these proceedings in the case at bar were had establishing the new district, except determining the per cent. cost to be assessed against the lands included. It appears without dispute that complainant's driveway over the ditch could only be retiled and replaced by a proper and separate proceeding under a petition.   The drain commissioner gives no satisfactory explanation of this action by him, and in view of the fact that there had been difficulty between him and complainant, and also that he had made certain threats to get even with complainant, and that the condition created by him was considered by the board of review as bearing upon benefits by this new outlet to complainant's premises, we conclude from the record that the commissioner created the condition for the purpose for which it was used before the board of review, and that his conduct operated as a fraud upon complainant.   Considerable testimony is in the record showing conclusively that drainage lands benefited by the new outlet were not included·in the assessment district; also that certain drainage lands as above stated

included in the district were, on the day of review before him, taken out by the commissioner. He appeared before the board of review privately, and discussed matters that were before them for determination. From the testimony it appears that these were material matters relating to the condition of the ditch as created by him where complainant's driveway was taken out. Such conduct on his part was, to say the least, improper, and the board of review had no right to allow it. This was the tribunal established by law to hear this appeal and to confirm or set aside the action of this commissioner. His statements before the board should have been made in open session, and complainant had a right to be present and hear all the testimony and statements made in the case. Whether this conduct of the commissioner influenced the board in its finding or not is immaterial. Ex parte statements before judicial tribunals or arbitrators have always been condemned by the courts. This rule is so well established that citation of authorities is unnecessary.

The board of review also refused to include in said district certain drainage lands which were found by them to be benefited, for the reason that other lands of the same parties were assessed in an amount sufficient to cover all benefit on lands not included. This is a misconception of the requirements of the statute. No lands benefited should have been omitted from the district and assessment, and no land can be assessed for benefits not accruing to it. Not only is this proposition fundamental, but it also is the expressed legislative intent.

"All assessments of benefits under the provisions of this act shall be upon the principle of benefits derived." 2 Comp. Laws, § 4350.

Complainant by his proof has established such a case as entitles him to relief in a court of chancery, both upon the ground that the tax sought to be imposed would be a cloud upon his title, and that the conduct of the drain commissioner and the board of review amounted, in fact

and in law, to a fraud upon him. There is no proof whatever to show that his land is benefited by the new outlet. The outlet takes the water from the main drain 80 rods above his premises, diverting it from the drain in front of him, which, if unobstructed, is of ample capacity and has ample outlet to carry all the water that ever came to him.

If there were obstructions either on his land or below him, the statute points out how they might have been removed. The claim that complainant suggested this new outlet is no defense to the conduct of these defendants. His explanation is reasonable. He said that these parties were trying to get this tile removed and to get an open drain in there, and he did not feel that he ought to have a drain of that sort upon him; that is the reason he did take action with reference to getting a little larger tile, or having the water conveyed some other way rather than have an open drain in front of his house. The tile and approach were removed without authority, and the evidence is convincing that, after this water had been diverted, new tile were to be put in, not by assessment according to law, but by donations from these other parties who would be benefited by the new outlet.

In an early case this court indicated that a court in chancery would have jurisdiction in drain proceedings in a proper case. Chief Justice GRAVES, speaking for the court, said:

" If fraud in the proceedings is alleged and pointed out, or jurisdictional defects are specified, such charges may be investigated in this way and on principles which are entirely familiar." *Clark* v. *Drain Com'r*, 50 Mich. 620.

Although a court in chancery can grant relief in this case on the ground of fraud, it cannot sit as an appellate court to review questions of regularity or charges of error in the drain commissioner's proceedings not affecting the jurisdiction nor substitute its judgment and discretion for that of the officers to whom it has been by law confided. *Clark* v. *Drain Com'r*, supra. In this case the conduct of defendants in including complainant's land in this dis-

trict was arbitrary and fraudulent and not the exercise of official judgment and discretion.

Section 40 of the drain law of 1881 (Act No. 269, Pub. Acts 1881) has been declared unconstitutional by this court. *Houseman* v. *Kent Circuit Judge*, 58 Mich. 364. Sections 11 and 12, chap. 6, Act No. 227, Pub. Acts 1885, which were substantially a re-enactment of the provisions of section 40, were also held invalid. *Mathias* v. *Cramer*, 73 Mich. 5. In this case the court, eliminating these sections, sustained the act as valid and workable. Sections 11 and 12, above mentioned, are included in the present law (§§ 4634, 4635, 2 Comp. Laws). The decree of the court below appears to have been drawn with reference to the provisions of these sections. It orders the defendants constituting the board of review to reconvene, review, and revise said assessment; to omit complainant's land, upon proper notice to the owners, to add the lands of others omitted therefrom and found by them to be drainage lands, and, in default thereof, that defendant drain commissioner make a new assessment and district, leaving out complainant's land and including such lands as were found by the board to be drainage lands. Further, that said defendants be perpetually enjoined from including complainant's land in said assessment roll and district and from placing the same on any future assessment roll or district for said drain; and that said drain commissioner be enjoined, except as in the decree provided, from taking any further proceedings in regard to said drain until said roll and district is revised and corrected; and that all defendants be perpetually enjoined from collecting from complainant or his bondsmen costs incurred on his appeal to the board of review; that complainant do recover his costs in this suit, to be taxed against the drain and to become a charge against it, and defendant drain commissioner, within 40 days after taxation, to execute and deliver to complainant's solicitor a drain order therefor against said drain, payable out of the first moneys coming into said drain, and, if said drain for any

reason should be discontinued and given up, then said costs to be and become a charge against the original petitioners for said drain, to be collected as provided by law, and that execution issue therefor.

It will not be necessary to comment upon the provisions of this decree. Suffice it to say that, following the provisions of the invalid sections of the law, it is subject to the criticisms contained in the cases cited, and must be modified. A decree will be entered in this court in favor of complainant and against all of the defendants, declaring that the acts and doings of said defendants in determining said district and making and confirming said assessment, as far as complainant's land is concerned, were fraudulent and void, and all of said proceedings are set aside and vacated to be begun by the drain commissioner de novo; that defendants be perpetually enjoined from including complainant's land in the assessment district for this Ponto-Lininger drain, new outlet; that the taxation of costs against complainant upon his appeal to the board of review be vacated and set aside and his bond on said appeal be canceled and his sureties discharged from all liability.

The decree of the circuit court, so modified, is affirmed, with costs to complainant of both courts.

GRANT, BLAIR, OSTRANDER, and MOORE, JJ., concurred.

### ON MOTION FOR REHEARING.

PER CURIAM. Appellants move for a rehearing alleging that the facts found by the court are not supported by the evidence and that the result arrived at is a suggestion that the drain commissioner and board of review were prompted in their action by improper motives. The findings are supported by a clear weight of evidence and the court in granting relief did not consider the motives of defendants, but determined that the rights of complainant had been invaded. The intent of these parties was not involved in the case.

The motion is denied.