CRANDALL *v.* McELHENY.

DRAINS—ESTABLISHMENT—PROCEEDINGS—REVIEW.
    A bill to enjoin the construction of a drain, on the ground of its illegality, is properly dismissed where no certiorari was brought within the time limited by section 4346, 2 Comp. Laws, to test the legality of the proceedings.

Appeal from Van Buren; Carr, J. Submitted June 8, 1906. (Docket No. 73.) Decided October 29, 1906.

Bill by W. W. Crandall and others against Herbert E. McElheny, drain commissioner, to enjoin the construction of a drain. From an order sustaining a demurrer to the bill, complainants appeal. Affirmed.

146   191
147   287

146   191
150    33
150   128
150·  233
f150   234

146   191
f151   272
151   670

146   191
f152    99
152   260

*Samuel H. Kelley* and *Thomas J. Cavanaugh*, for complainants.

*William G. Howard, Russel M. Chase*, and *Lincoln H. Titus*, for defendant.

CARPENTER, C. J. It appears from complainants' bill of complaint that defendant, the drain commissioner of the county of Van Buren, has taken steps under the laws of this State to establish a certain drain called the "Paw Paw river drain." Complainants question the legality of said drain, and the purpose of this suit is to perpetually enjoin its construction. Defendant demurred to the bill in the lower court. That demurrer was sustained, and a decree entered dismissing complainants' bill. Complainants did not, within the time given them by law, review, as they might, the drain proceedings by writ of certiorari. The drain law (section 4346, 2 Comp. Laws) provides:

"If no certiorari be brought within the time herein prescribed, the drain shall be deemed to have been legally established, and its legality shall not thereafter be questioned in any suit at law or equity."

Unless there is some constitutional objection to the application of this law to the case made by complainants (and no such objection is pointed out by counsel or perceived by the court), it prevents the maintenance of this suit.

It follows that defendant's demurrer was properly sustained, and the decree dismissing the bill is affirmed.

MCALVAY, GRANT, BLAIR, and MOORE, JJ., concurred.