TOWNSHIP OF CLINTON *v.* TEACHOUT.[1]

1. DRAINS—ESTABLISHMENT—PROCEEDINGS—SETTING ASIDE — BILL —TOWNSHIP AS COMPLAINANT.

Townships which have no interest in drain proceedings other than to escape assessment for benefits, the drain not being within their territory and it being conclusively shown that the drain would be no injury to them in any other way, cannot maintain a bill to set aside the proceedings and restrain the collection of assessments.

---

[1] The opinion filed on the original hearing in this case was withheld from publication pending the rehearing.

2. SAME—ESTABLISHMENT—PROCEEDINGS—SETTING ASIDE—JURIS-
DICTION OF EQUITY.

Complainants who received notice of drain proceedings, and
the final order and assessment therein, in time to review
them upon certiorari as provided by section 4346, 2 Comp.
Laws, but instead of doing so joined in proceedings to review
them before a board of review, cannot question the validity·
of the orders by bill in equity.

3. SAME—ASSESSMENT OF BENEFITS — QUESTION OF FACT — CHAN-.
CERY JURISDICTION.

The question of the benefits arising from the construction of a
drain is, upon a conflict of testimony, a question of fact to
be decided by the drain commissioner, from whose decision
and that of appellate tribunals provided by statute there is
no appeal to the court of chancery, by original bill or other-
wise.

Appeal from Lenawee; Chester, J. Submitted April 16,
1907.    (Docket No. 21.)    Decided May 18, 1907.    Re--
hearing denied November 12, 1907.

Bill by the townships of Clinton, Macon, Tecumseh,
and Raisin against Franklin D. Teachout, drain commis-
sioner of Lenawee county, to set aside certain drain pro-
ceedings, and to restrain the collection of assessments.
From a decree dismissing the bill, complainants appeal.
Affirmed.

*John E. Bird, John L. O'Mealey,* and *William B.
Hatch,* for complainants.

*Theodore M. Joslin* and *John Riley,* for defendant.

HOOKER, J.    The bill in this cause was filed to set aside
drain proceedings, and restrain the collection of assess-
ments against certain lands, and the townships at large,
of the townships of Clinton, Tecumseh, Raisin, and Ma-
con, in Lenawee county.    The grounds relied upon are
(1) that the proceedings are void upon their face; (2) that
the assessment was a "legal fraud;" (3) that complain-
ants did not have a fair and impartial hearing before the

board of review. The defense denies that the proceedings were void, and urges that certiorari is the only method recognized for attacking the regularity of drain proceedings, that the assessment was not fraudulent, and that the hearing before the board of review was fair and impartial.

The Little Raisin is a tributary of the Raisin river, which it empties into, in the county of Monroe, entering Monroe county from the township of Ridgeway, in Lenawee county, through which township it flows. Much, if not all, of the way through Ridgeway its banks are low, and have been subject to overflow in time of freshets. Above the township of Ridgeway the ground is high, and a large territory is drained by the stream through natural and artificial drains. Many years ago a drain was laid out in Ridgeway along the course of this stream, which is now said to be both wider and deeper there than immediately below in Monroe county. In January, 1900, eight freeholders of Ridgeway filed with the drain commissioner of Lenawee county an application for the cleaning out, widening, deepening, and straightening of this old drain, called the "Little Raisin drain." We have experienced considerable difficulty in ascertaining just what orders were made; but it appears that the commissioner examined the premises and made a survey and a first order of determination. From his survey he saw that an extension of the old drain was needed, and a petition was filed asking it. This was late in March. He made a survey for this, and his final order of determination covered both applications and surveys, and contained an assessment for benefits of both. Bids were advertised for, and contracts were let. This order was followed by an application for a review, and the complainants were represented by counsel, and some were personally present during the proceedings, which lasted several days and resulted in the confirmation of the commissioner's assessment. No attempt was made by any one to review the acts of the commissioner by certiorari.

Complainants assert that the assessment was made public on the day of the letting, but it appears that they were notified about May 20th that benefits were to be assessed against them, and that under a misunderstanding of the time provided for taking a certiorari they neglected to apply seasonably.   Inasmuch as counsel say in their brief:

"It may still further be insisted that, if we did not learn of it within 10 days after the final order was filed, common-law certiorari proceedings were open to us.   This course would doubtless have been adopted had it not been for the fact that there were questions of fraud we were desirous of raising, one of which is considered in this brief, 'whether the complainants had a fair and impartial review of the assessment.'   If we desired to take advantage of this question, the only course open to us was to file a bill, and, if we were going to file a bill to have this question determined and other questions of fraud claimed in the bill, then, in order to avoid multiplicity of suits, we not only had the right, but it was proper, to include the jurisdictional questions in the one suit.   There is no way that a return in a certiorari proceeding would have enabled us to contest the question as to whether the complainants had a fair and impartial review of the assessment,"

—we need give this question no further consideration as a justification for filing this bill which was done soon after.

Benefits were assessed on the townships of Clinton, Tecumseh, Raisin, and Macon at large, and upon lands of private persons in said townships.   It will be remembered that no part of the old drain or extension was in either of said townships, and these complainants have no other relation to the proceeding than that of being interested in the assessment.   The meritorious theory upon which they seek to avoid it is that the improvement is not necessary to drain the land above Ridgeway, while the defendant seeks to justify the assessment upon the ground that an increased flow has resulted from the drains in the complainant towns and lands, which requires increased outlet facilities to relieve the inhabitants of Ridgeway from such increased floods.   These complainants have no interest in

these drain proceedings further than to escape assessment for benefits. The testimony conclusively shows that the drain would be no injury to any of the complainants in any other way. *Township of Swan Creek* v. *Brown*, 130 Mich. 385.

The complainants received notice of the proceedings, final order, and assessment as early as May 20th, and, as their brief admits, in time to have reviewed them upon certiorari as provided in 2 Comp. Laws, § 4346. Instead of doing so, they joined in proceedings to review the proceedings before a board of review. By neglecting to take a writ of certiorari and participating in the review, they cut off any right that they might otherwise have had to question by bill in equity the validity of the orders, under 2 Comp. Laws, § 4346. See *Crandall* v. *McElheny*, 146 Mich. 191; *Auditor General* v. *Bolt*, 147 Mich. 283; *Strack* v. *Miller*, 134 Mich. 311; *Horn* v. *Board of Sup'rs of Livingston Co.*, 135 Mich. 553.

The remaining question relates to the question of fraud. We are satisfied that there was no willful fraud or wrong, but counsel contend that in view of the fact that no land in any of the complainant townships would be benefited by this improvement, being already satisfactorily drained, it was a legal fraud to assess benefits upon some, omitting other lands in the same situation. Without determining that chancery will not give relief in a suit of this kind, where the facts justify it, we must dismiss this bill, upon the ground that the testimony was such as to raise a question of fact regarding benefits to these complainants, to be decided by the drain commissioner, from whose decision and that of appellate tribunals provided by statute there is no appeal to the court of chancery, by original bill or otherwise. *Nelson* v. *City of Saginaw*, 106 Mich. 659; *Smith* v. *Carlow*, 114 Mich. 72.

The decree is affirmed, with costs.

MCALVAY, C. J., and MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.