GRANDCHAMP *v.* McCORMICK.

1. Drains—Establishment — Proceedings — Review — Equity—
   Adequate Remedy at Law.

   Certiorari, as provided by section 4346, 2 Comp. Laws, provides
   a complete and adequate remedy for the review of the legal-
   ity of proceedings to establish a drain, and interested land-
   owners cannot ignore the statutory remedy and maintain a
   bill to restrain the construction of a drain on such grounds.
   *Crandall* v. *McElheny,* 146 Mich. 191, followed.

2. Constitutional Law—Courts—Drains—Review of Proceed-
   ings.

   Since the certiorari provided by section 4346, 2 Comp. Laws, for
   the review of proceedings to establish a drain affords a com-
   plete and adequate remedy for the purpose, the statute can-
   not be said to be unconstitutional on the ground that it de-
   nies to the courts inherent jurisdiction granted by the Consti-
   tution, since chancery has never assumed jurisdiction in
   cases in which the suitor has a full, adequate, and complete
   remedy at law.

Appeal from St. Clair; Law, J. Submitted April 15,
1907. (Docket No. 96.) Decided December 10, 1907.

Bill by Frank Grandchamp and others against George
McCormick, drain commissioner, to enjoin the construc-
tion of a drain. From an order sustaining a demurrer to
the bill, complainants appeal. Affirmed.

*A. E. Chadwick,* for complainants.

*Avery & Walsh,* for defendant.

McAlvay, C. J. Complainants filed their bill of com-
plaint in the circuit court for St. Clair county, in chan-
cery, against defendant county drain commissioner.
The purpose of the suit is to perpetually restrain the con-
struction of a certain drain established under the general

drain laws. To this bill a demurrer was interposed by defendant for the reasons:

*First.* Because complainants have a full, adequate and sufficient remedy at law

*Second.* Because complainants should have proceeded by certiorari and having failed to do so, the bill of complaint cannot be maintained.

*Third.* Because the several matters alleged have been adjudicated in the probate court.

This demurrer was sustained on the ground that the remedy sought was not in compliance with section 4346, 2 Comp. Laws, citing as controlling, *Crandall* v. *McElheny*, 146 Mich. 191. Complainants have appealed.

It appears from the bill of complaint, which must be taken as true upon this hearing, that a hearing was had in probate court upon the proceedings to establish the drain in question before a jury demanded by complainants. The circuit judge stated in his opinion:

"This bill of complaint was filed on January 25, 1907. * * * It appears by concession of counsel that the final order of determination establishing the drain was filed with the county clerk on December 8, 1906. The bill of complaint recites at some length the history of the proceeding; the fact that two condemnation juries were had in the probate court; that the first jury disagreed, but that the last jury determined the drain to be practicable and necessary, and awarded complainants certain damages. It appears by the bill of complaint that the principal issues here raised have been contested in probate court before the condemnation jury."

We agree with the circuit judge that the case cannot be distinguished from the case of *Crandall* v. *McElheny*, supra. Counsel for complainants fails to distinguish between this case and the case of *Hudlemeyer* v. *Dickinson*, 143 Mich. 250, upon which he relies. In that case the legality of the establishment of the drain was not attacked. The proceedings in determining the district and making and confirming the assessment were set aside and vacated, and the drain commissioner was ordered to be-

gin such proceedings de novo. In the case at bar, as already stated, the objections relied upon were before the probate court and were passed upon. They could have been reviewed upon certiorari. It is not pointed out to us wherein such remedy is not complete and adequate.

It is claimed that this statute denies to courts inherent jurisdiction granted by the Constitution, and thereby deprives complainants of constitutional rights. A court in chancery has never assumed jurisdiction where a suitor has a full, adequate, and complete remedy at law. In this case we are not informed in what particular complainants can be injured or deprived of rights under the remedy provided by statute. No constitutional objection to the application of the statute to the case made by complainants is pointed out. *Crandall* v. *McElheny*, supra. See, also, *Auditor General* v. *Bolt*, 147 Mich. 283.

The decree is affirmed.

MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred. HOOKER, J., concurred in the result.