TROOST *v.* FELLOWS.

1. TAXATION — DRAINS — SPECIAL ASSESSMENT — DRAIN COMMIS-
SIONER—REVIEW OF FINDINGS.
   The decision of a drain commissioner apportioning the benefits
   of a drain, determining the lands to be assessed and the amount
   of the special assessment, affirmed on appeal to the probate
   court by the board of review, is conclusive in the absence of
   fraud.[1] Act No. 272, Pub. Acts 1899.

2. SAME.
   *Held* that no fraud was established.

Appeal from Ottawa; Padgham, J. Submitted January 16, 1912. (Docket No. 81.) Decided March 12, 1912.

Bill by Paul Troost and others against Edwin Fellows and others for an injunction and other relief. From a decree for defendants, complainants appeal. Affirmed.

*Wilkes & Hoffman,* for appellants.

*Smedley, Linsey & Lillie,* for appellees.

STONE, J. The complainants are owners of farms in the township of Zeeland, Ottawa county, and they filed their bill of complaint to enjoin the collection of a drain tax assessed against their several farms, making the county drain commissioner, the board of review, and the township treasurer of said township defendants. The defendant drain commissioner laid out a drain in the lower end of what is known as "Black Creek Valley," in said township, and assessed for benefits much of the farming lands in the east two-thirds of the township that was a part of the watershed of Black Creek at a uniform rate. Complainants claim that lands in the watershed

---

[1] Procedure for establishment of drains, see note in 60 L. R. A. 161.

should not have been assessed, and that lands in Blendon township on the north, and in Jamestown on the east of Zeeland, formed a part of the watershed, and upon the theory of the drain commissioner should have been also assessed.

An appeal was taken to the probate court on behalf of complainants from the assessment made by the drain commissioner, and a board of review was appointed as provided by statute. When the board of review met, complainants were represented by a committee and an attorney, and the claim was made, first, that the lands of the complainants, being high land and draining naturally into Black Creek Valley, or into Black creek, were not subject to assessment for benefits; second, that, if any high land was to be assessed, it was the duty of the board, under the statute, to include the land in Blendon and Jamestown townships that was a part of the watershed of the said valley. The board of review made such examination, review, and investigation as it deemed necessary, and found said assessment and apportionment to be without manifest error, and declared the same to be just and equitable in every respect.

The complainants then filed their bill of complaint to enjoin the collection of the tax, and to set aside the lien created by the assessment, alleging that the action of the drain commissioner and the board of review was illegal, arbitrary, and fraudulent, and created a cloud on their title. There is no claim in the bill of complaint that the proceeding was illegal or irregular, in so far as the legal forms were concerned, but that said officer improperly included all of the land in the township of Zeeland that constituted a part of the watershed of said drain, and that he did not include any other land in said assessment of benefits, except that he placed 10 per cent. of the cost of the drain on the township of Zeeland at large. Complaint is made that none of the land of complainants is low land, and that none of it is benefited by said drain, but that it is high rolling land, and has sufficient natural drainage.

The bill charges that said drain commissioner in making said assessment for benefits acted arbitrarily and fraudulently, and that he arbitrarily and fraudulently refused to add the lands in Blendon and Jamestown, although they were a part of the watershed. It is also charged that the board of review acted fraudulently and arbitrarily, and in collusion with said drain commissioner, and refused to take time to see what lands were benefited by said drain; that said drain commissioner falsely and fraudulently informed said board of review that most of the persons who were assessed for benefits, and whose lands were not in the valley, were not opposed to said assessment for the purpose of persuading said board not to alter the assessment made by said commissioner.

By an amended or supplemental bill, filed in pursuance of a stipulation, it was alleged that, after the filing of the original bill, the amount of the said drain tax assessed against the premises of complainants had been deposited with the township treasurer, to be applied upon such tax in case it should be so ordered by the court upon the hearing of the cause. The said bill prays:

(*a*) That the order of the said board of review confirming the assessment of said drain commissioner be set aside and held for naught.

(*b*) That said board of review be directed to meet and review and revise said assessment.

(*c*) That said board of review be directed to omit the land of complainants from said assessment district.

(*d*) That said board of review be directed to make a special assessment roll of the lands benefited by the said drain after giving notice therefor.

(*e*) That said defendants be perpetually enjoined from including in said assessment roll for the construction of said drain any of the lands of complainants, and from collecting any tax spread for said drain against the complainants' land.

We have sufficiently referred to said bill of complaint to show that complainants claimed that the action of the drain commissioner and of the board of review was arbitrary and fraudulent.

Upon the issue formed by the pleadings, testimony at great length was taken before the trial judge, who filed a written opinion in which he said:

"I am of the opinion that the complainants by their proofs have not shown that the defendants acted either arbitrarily or fraudulently in the performance of the duties devolving upon them. I am inclined to the opinion that the action of the defendants in the discharge of their several duties under the law was in good faith and in accordance with their best judgment. The bill in the cause should be dismissed with costs, and the injunction heretofore issued herein is dissolved."

A decree was entered accordingly, and the complainants have appealed.

We have been somewhat at a loss to determine just what the position of complainants is in this court, but we think that the following excerpt from the supplemental brief of their counsel is fair to them:

"If the drain commissioner had no authority, as a matter of law, to assess the improved farms of the complainants, the fact that he believed he had, and acted in good faith, in our judgment, made no difference with the rights of the complainants. If the drain commissioner could not legally assess the complainants, the fact that he acted in good faith was entirely immaterial and irrelevant. We thought so when the original brief was written, and we still make that contention. So on that branch of the case we were not discussing whether the drain commissioner acted in good faith, or in bad faith, when he assessed the high land, provided we made it clear to the court that he had no authority to make the assessment. We certainly did contend, and now contend, that in leaving out the land in the township of Blendon that was a part of the watershed of this drain the board of review acted in bad faith."

A careful reading of this record has led us to the conclusion that the circuit judge was right in his finding that no arbitrary or fraudulent action on the part of the defendants, or any of them, was shown.

We are also of the opinion that complainants' contention that the drain commissioner had no legal right to

assess their lands cannot be sustained. In our opinion, it was for the defendants to say, acting in good faith and in the exercise of their judgment, whether or not the lands of the complainants were benefited by the drain. The question as to whether the complainants' lands were benefited by the construction of the drain to the amount of the assessments, or at all, and whether other assessable lands were omitted from the assessment, this court will not consider, in the absence of fraudulent conduct on the part of the officers. If the facts are as claimed by complainants, they merely establish errors of judgment in the tribunal clothed with authority to pass upon the question of benefits. The legislature had the undoubted power to commit to these statutory officers the ascertainment of the lands to be assessed, as well as the apportionment of benefits, and it is well settled that the decisions of such officers within their jurisdiction are not open to collateral attack, and, if not corrected by some of the modes pointed out by the statute, they are conclusive, in the absence of fraud. *Erickson* v. *Cass County*, 11 N. D. 494 (92 N. W. 841). Our statute (Act No. 272, Pub. Acts 1899, chap. 5, §§ 3, 5) provides that the proceedings in establishing any drain shall be subject to review upon certiorari, and the following language is significant:

" If no certiorari be brought within the time herein prescribed, the drain shall be deemed to have been legally established, and its legality shall not thereafter be questioned in any suit at law or equity."

Section 5 prescribes the duty of the board of review, and contains this language: "The action and decision of said board shall be final."

It may be conceded that equity has jurisdiction to grant relief from the fraudulent conduct of the drain officers, and such a case is *Hudlemyer* v. *Dickinson*, 143 Mich. 250 (106 N. W. 885, 108 N. W. 1116). We think that case readily distinguishable from the instant case. Such difference is clearly pointed out in the later case of *Hink-*

*ley* v. *Bishopp,* 152 Mich. 264 (114 N. W. 678), where this court said, referring to *Hudlemyer* v. *Dickinson, supra:*

" In that case the jurisdiction of chancery to vacate the assessment for fraud in the assessment was sustained, and a new assessment ordered upon the ground of fraud and collusion between the drain commissioner and board of review in making the assessment district, and apportioning the benefits. The fraud was actual and clearly proved, and the decision can be sustained upon the ground that chancery has jurisdiction to set aside a judgment at law, where it has been obtained through fraud. We cannot say from the proofs in this cause that there was fraud in including complainants' land in the district, or in making the apportionment. It is true that these complainants all testify that they were assessed too much, and some testify that their lands are not benefited by the drain, but, as said in the *Hudlemyer Case,* we cannot substitute our judgment for that of the officers to whom the determination of such questions has been confided by the law."

See the following decisions of this court bearing upon this subject: *Moore* v. *McIntyre,* 110 Mich. 237 (68 N. W. 130); *Smith* v. *Carlow,* 114 Mich. 67 (72 N. W. 22); *Township of Swan Creek* v. *Brown,* 130 Mich. 382 (90 N. W. 38); *Wilson* v. *Woolman,* 133 Mich. 350 (94 N. W. 1076); *Strack* v. *Miller,* 134 Mich. 311 (96 N. W. 452); *Horn* v. *Livingston County Supervisors,* 135 Mich. 553 (98 N. W. 256); *Crandall* v. *McElheny,* 146 Mich. 191 (109 N. W. 261); *Township of Clinton* v. *Teachout,* 150 Mich. 124 (111 N. W. 1052); *Jones* v. *Gable,* 150 Mich. 30 (113 N. W. 577); *Grandchamp* v. *McCormick,* 150 Mich. 232 (114 N. W. 80).

We are of the opinion that the conclusion reached by the circuit judge was the correct one, and the decree of the circuit court is affirmed, with costs to the defendants.

MOORE, C. J., and STEERE, McALVAY, BROOKE, BLAIR, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.