TOLEDO, SAGINAW & MUSKEGON RAILWAY CO. *v.* SHAFER.

1. DRAINS—STATUTES—CERTIORARI—PROCEEDINGS.

While 2 Comp. Laws, § 4333 (1 Comp. Laws 1915, § 4894), provides that a drain may be laid within the right of way of any railroad, if it shall not injure the roadbed, and provides for eminent domain proceedings to condemn a right of way, it is also enacted that the drain shall be laid along private property if the jury or commissioners determine that it can be as well laid on the private lands, and the purpose of the act seems to have been to have all matters pertaining to the location

and construction forever determined in the proceedings to establish it, or on review by certiorari.[1]

2. SAME—EQUITY—FRAUD.

But a bill in equity was not demurrable under section 15 of the drain law, where it charged fraudulent intent on the part of the commissioners who located the drain, in determining that it should be constructed on the railroad right of way, that the drain would be better located on private lands, etc.; the remedies afforded by the statute not being adequate in the presence of fraudulent action.

Appeal from Kent; McDonald, J. Submitted October 18, 1915. (Docket No. 145.) Decided January 3, 1916.

Bill by the Toledo, Saginaw & Muskegon Railway Company and another against Wilmarth T. Shafer and another, as drain commissioners, to restrain defendants from constructing a drain. From an order sustaining the demurrer of defendants complainants appeal. Reversed.

*Clapperton, Owen & Hatten* (*L. C. Stanley,* of counsel), for complainants.

*Earl F. Phelps* (*Louis H. Osterhous,* of counsel), for defendants.

KUHN, J. Complainants by their bill filed in this cause seek to enjoin the defendants from constructing a drain on their right of way. Defendants demurred on the following grounds:

(1) That the complainants have an adequate remedy at law.

(2) That no facts from which fraud is fairly inferable are set forth in the bill of complaint.

(3) That complainants' action is premature, for the

---

[1]Generally, on procedure in establishment of drains, see note in 60 L. R. A. 172.

reason· that the defendants have not progressed to the point of actually digging said drain.

(4) That the matters complained of· have been judicially tried out and determined by the special commissioners, whose determination was final.

An appeal is taken from an order sustaining the demurrer.

Section 15 of the drain law, being section 4333, 2 Comp. Laws (1 Comp. Laws 1915, § 4894), and section 3390, 2 How. Stat. (2d Ed.) provides:

"Drains may be laid along the line of any railroad within its right of way: *Provided,* such drain shall · not be to the injury of the roadbed. Whenever it is proposed to construct a drain along the line, and within the right of way of any railroad, and the company owning or operating such road shall refuse or neglect to permit such drain to be constructed, or release the right of way therefor within the time prescribed in section four of chapter three, such release shall be obtained in the same manner as is provided in this act for obtaining private lands: *Provided,* that no drain shall be constructed along the line of any railroad without the consent of the company owning or operating such road, if it shall appear to the special commissioners or jury that such drain can equally well be laid on private lands."

Proper proceedings were taken to lay out the drain in question, as provided for by the drain law, and no appeal was taken as provided therein, and no attempt was made to review the proceedings by the writ of certiorari. An examination of the drain law clearly discloses that it was the intention of the legislature to have all matters pertaining to the locating and constructing of a drain, in the absence of fraud, tried out, · determined, and forever settled in the direct proceedings to establish the drain or on certiorari, as provided for in the statute. *Crandall* v. *McElheny,* 146 Mich. 191 (109 N. W. 261) ; *Auditor General* v. *Bolt,*

147 Mich. 283, 287 (111 N. W. 74); *Grandchamp* v. *McCormick,* 150 Mich. 232 (114 N. W. 80); *Lickly* v. *Bishopp,* 150 Mich. 256 (114 N. W. 69); *Troost* v. *Fellows,* 169 Mich. 66, 70 (134 N. W. 1011).

However, the bill before us charges the commissioners with fraudulent conduct, in that they—

"Knowing that the construction and maintenance of the proposed drain along the right of way of your orators as aforesaid would injure and destroy the property of your orators for railroad purposes, and with full knowledge that the construction and maintenance of a drain upon said right of way was wholly unnecessary, and that it could as well be laid out, constructed, and maintained upon private property, even more advantageously for the purpose of said drain, deliberately and fraudulently ignored the rights of your orators, and for the purpose of favoring the property of the private owners and saving some expense in the construction of said drain, in deliberate violation of the statute aforesaid, made a determination and finding in a report bearing date of August 29, 1913, that it was necessary to lay said drain upon said right of way to the lineal extent above mentioned, providing that said drain should be narrowed to 25 feet in width along said right of way, that is to say, 12½ feet wide on each side of the center line of said drain, and that the grade thereof along said right of way should be 18 inches above that of the first survey thereof in said proceeding, and they further state as follows: 'And we are of the further opinion that said drain cannot equally as well be laid upon private property as upon the property of the Grand Trunk Railway Company of Canada.' "

This is also alleged in different language in other parts of the bill.

On this hearing these allegations of the bill must be taken as true, and we are of the opinion that they sufficiently state facts which make out a case of equity, and that therefore the case should be heard on the facts. The truth of the allegations with ref-

erence to the fraudulent conduct of the drain commissioners can only be determined after the testimony has been taken. *Zabel & Harmon* v. *Harshman,* 68 Mich. 270 (36 N. W. 71) ; *Hudlemyer* v. *Dickinson,* 143 Mich. 250 (106 N. W. 885, 108 N. W. 1116).

Being of the opinion that equity has jurisdiction, the order sustaining the demurrer should be reversed, and the defendants be allowed the usual time in which to file an answer, with costs to appellant.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.