WABASH RAILWAY CO. *v.* OTTGEN.

1. DRAINS—ESTABLISHMENT—CONCLUSIVENESS—FRAUD.
   The finding of special commissioners of the necessity of establishing a drain upon private property, and the compensation therefor, under section 4883, 1 Comp. Laws 1915, is final, in the absence of fraud.

2. SAME—INJUNCTION.
   Where, on appeal from a decree dismissing plaintiff's bill to enjoin the establishment of a drain along plaintiff's right of way, under section 4894, 1 Comp. Laws 1915, the evidence shows that a drain had previously been maintained on plaintiff's right of way, and to place it elsewhere would be more expensive, and there is no evidence of fraud, either actual or constructive, on the part of the special commissioners, the decree below will be affirmed.

Appeal from Lenawee; Hart, J.   Submitted January 11, 1918.   (Docket No. 54.)   Decided March 27, 1918.

Bill by the Wabash Railway Company against Conrad Ottgen, drain commissioner of Lenawee county, to enjoin the construction of a drain.   From a decree dismissing the bill, plaintiff appeals.   Affirmed.

*Baldwin, Alexander & Russell,* for plaintiff.
*Leland F. Bean,* for defendant.

STONE, J.   This is an appeal from a decree in the circuit court for the county of Lenawee, in chancery, dismissing plaintiff's bill of complaint.

The proceedings which plaintiff seeks to enjoin contemplate the construction of a tile drain two and one-half feet below, and in the bottom of another county drain already established and existing on plaintiff's right of way.   Upon a proper application, defendant determined that the proposed drain was nec-

essary and practical, and in his order of determination set forth the route of the drain. The route as surveyed is upon the right of way of the plaintiff for a distance of about 875 feet as indicated by the accompanying plat, which was attached as exhibit "A" to the bill of complaint.

The plaintiff was requested to release the right of way for the drain as proposed, which it refused to do, whereupon special commissioners were appointed by the probate court to determine the necessity for said drain, and for the taking of private property for the use and benefit of the public for the purpose thereof, and to determine the just compensation to be made therefor, in accordance with the provisions of section 4883, 1 Comp. Laws 1915.

Special commissioners met and viewed the route of the drain, and more especially where it was upon plaintiff's right of way, and made a determination and finding that it was necessary to lay said drain upon the right of way of plaintiff, as proposed, for a distance of about 875 feet, and that it was necessary to take a strip of land 50 feet in width on each side of the line of the proposed drain for the purposes thereof, along the right of way of the plaintiff, and fixed the compensation to the plaintiff at the sum of one dollar; and that the drain was to be a tile drain on the right of way of the plaintiff, and an open drain from the point where it leaves the plaintiff's right of way at the westerly end.

The right of way of plaintiff, at the point where it is proposed to construct the tile drain in question, is 100 feet wide, and there are now upon it at this point the main and side tracks of the Detroit, Toledo & Ironton Railroad Company, in addition to plaintiff's main track, and its track connecting plaintiff's main track with the main track of the Detroit, Toledo & Ironton Railroad Company. There is at the present

time an open ditch known as the "Savage drain," on
plaintiff's right of way on the northerly and westerly
side of its main and connecting tracks, and the north-
erly or westerly slope of the track embankment makes
the southerly or easterly slope of said ditch, the right
of way of which open drain has heretofore been se-
cured from the plaintiff. The drain as proposed on
plaintiff's right of way follows the course of the pres-

ent open ditch, and it is proposed to lower the grade
of the present ditch about 2½ feet and put in tile.

The land lying north and west of plaintiff's right

of way is farm land, owned by private parties, and on a straight line between point marked "A" and point marked "C" on exhibit "A"; it is practically of the same level as the natural level of the lands on plaintiff's right of way, where the tile drain is proposed to be located. There is a tile drain ending at point "A"; also a tile drain known as the "Waltermire drain," which passes under the plaintiff's tracks and has its outlet near the point marked "C," and empties into the present open drain.

By the bill of complaint, the regularity of the proceedings is not questioned; and the sole ground for relief is alleged to be that the special commissioners acted fraudulently in determining that it was necessary to take plaintiff's right of way for the purpose of the drain, and in not finding that the same could equally well be laid upon private lands.

The defendant by his answer denied all fraudulent and illegal action charged in the bill, and stated that there is at present, along the right of way of said railroad, on the line of said proposed drain, an open ditch, heretofore established as a county drain, and that said ditch is approximately 15 feet in width at the top, and between five and seven feet deep, varying in places, according to the bank; that the specifications of said proposed drain on plaintiff's right of way, require a tile drain to be placed in the bottom of said open drain already existing, and that excavating in the bottom of said existing drain will not exceed 2½ feet, and only so much as is necessary to lay the tile required by said specifications, the same being 20-inch tile.

At the hearing it was claimed by the plaintiff that the construction of the drain upon its right of way would injure it for railroad purposes, and that it could equally well be laid upon private lands, and there was testimony tending to support said claim; and it

is urged that these facts must have been apparent to the commissioners when they viewed the premises, and that it was the duty of the commissioners to so find, and that their action in not so finding constituted fraud.

The statute relied upon by the plaintiff is section 4894, 1 Comp. Laws 1915, which provides:

"Drains may be laid along the line of any railroad within its right of way: *Provided,* Such drain shall not be to the injury of the road bed. Whenever it is proposed to construct a drain along the line, and within the right of way of any railroad, and the company owning or operating such road shall refuse or neglect to permit such drain to be constructed, or release the right of way therefor within the time prescribed in section four of chapter three, such release shall be obtained in the same manner as is provided in this act for obtaining private lands: *Provided,* That no drain shall be constructed along the line of any railroad without the consent of the company owning or operating such road, if it shall appear to the special commissioners or jury that such drain can equally well be laid on private lands."

An examination of the evidence shows that there was no insuperable reason why the drain could not have been constructed upon private lands. There was evidence tending to show that such construction would have been more expensive. It is conceded that the decision of the commissioners, in the absence of fraud, is final.

It is claimed by plaintiff that the case is ruled by the recent case of *Toledo, etc., R. Co.* v. *Shafer,* 190 Mich. 89. That case was before us upon demurrer to the bill, and we held that the bill stated a case for equitable relief. Justice KUHN, the writer of the opinion, said:

"Proper proceedings were taken to lay out the drain in question, as provided for by the drain law, and no appeal was taken as provided therein, and no attempt

was made to review the proceedings by the writ of certiorari. An examination of the drain law clearly discloses that it was the intention of the legislature to have all matters pertaining to the locating and constructing of a drain, in the absence of fraud, tried out, determined, and forever settled in the direct proceedings to establish the drain, or on certiorari, as provided for in the statute;" and many of our cases were cited.

The same doctrine was stated by us in *Troost* v. *Fellows*, 169 Mich. 66, at page 70. The legislature had the undoubted power to commit to these statutory officers the determination of the question whether "such drain can equally well be laid on private lands"; and it is well settled that the decisions of such officers within their jurisdiction are not open to collateral attack, and if not corrected by some of the modes pointed out by the statute, they are conclusive, in the absence of fraud.

In our opinion the sole question here presented is whether or not there was fraud, either actual or constructive, on the part of the special commissioners. We are unable to point out any fraud in this record. We think that the commissioners had the right to consider the matter of expense of construction, and of existing conditions, in reaching their determination. The following facts appeared upon the hearing, and they no doubt influenced the learned circuit judge in refusing relief:

"*The Court:* This old drain which is known as the 'Savage drain,' the open ditch, that right of way has once been secured from the Wabash?

"*A.* Yes, sir.

"*The Court:* Now this right of way you condemned, is taking 2½ feet deeper than the old right of way, and does it take any wider?

"*A.* It doesn't take as wide."

These facts were known to the commissioners, and we think that they had the right to consider them.

It also appeared that if the new ditch were dug as asked for by plaintiff the Waltermire tile drain would have to be extended about ten rods.

Unless, because the determination of the special commissioners did not accord with the claim of the plaintiff, it must be held that they acted fraudulently, the decree dismissing the bill should be affirmed. The circuit judge, after hearing the evidence, reached the following conclusion:

"I think that if this was a new drain here to be constructed with a new situation here, and there were no other drains around here, that this bill would lie under this statute; but I think, that under the particular facts here, as shown, that the court cannot find that there was any fraud on the part of the commissioners. I think I will have to dismiss the bill."

We agree with that conclusion.

The decree below is affirmed, with costs to the appellee.

OSTRANDER, C. J., and MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.  BIRD, J., did not sit.