JEAN *v.* MOELLER.

1. DRAINS—RIGHT OF WAY—VIEWING PREMISES—STATUTES— APPEAL AND ERROR.

   Under 2 Comp. Laws 1915, § 4887, requiring the special commissioners, the county drain commissioner, and other interested parties to meet and view the premises for the right of way for a proposed drain, it is not necessary that the commissioners must view every description of land traversed by the drain whether released or not, and one who has not released the right of way may not complain because the commissioners failed to view land to which the right of way had been released.

2. APPEAL AND ERROR—DRAINS—NECESSITY—UNSWORN TESTIMONY —SAVING QUESTION FOR REVIEW.

   Where no claim was made at the hearing that the evidence as to the necessity for the proposed drain was unsworn, said complaint will not be considered in this court.

Error to Bay; Houghton (Samuel G.), J.    Submitted April 6, 1921.   (Docket No. 17.)   Decided June 6, 1921.

Certiorari by Frank Jean against Henry Moeller, drain commissioner of Bay county, and others to review the proceedings in establishing a drain. Judgment for defendants. Plaintiff brings error. Affirmed.

*Stoddard & McMillan,* for appellant.

*William A. Collins,* Prosecuting Attorney, for appellees.

MOORE, J.    Plaintiff brought certiorari proceedings in the Bay circuit court against the drain commissioner of that county and three special commissioners to set aside proceedings in establishing a drain across

plaintiff's lands in Monitor township. To review a judgment sustaining the drain proceedings, he brought the case here by writ of error.

We quote from the brief of counsel:

The questions that arise are the following:
"1. Did the partial view made by the commissioners comply with the requirements of the statute?
"2. After the partial view made by the commissioners, could they legally disregard the sworn testimony at the hearing and follow the unsworn statements?"

The statutes involved are sections 4886, 4887 and 4888, 1 Comp. Laws 1915. In the first of these sections is the following:

"Such court shall immediately upon the appointment of such commissioners and with the concurrence of the county drain commissioner, appoint a time and place, such time to be not less than five nor more than fifteen days thereafter, at which time such special commissioners shall meet the county drain commissioner and other parties, who have not released the right of way, to consider the matters and things with respect to which they have been appointed."

In section 4887 appears the following:

"The said special commissioners, with the county drain commissioner and the other parties in interest who may be present, who have not released the right of way for said proposed drain, shall meet at the time and place ordered by said court and proceed at that time, or at any time to which they may adjourn, to view such premises, and for such purpose they shall have the right to enter upon any lands traversed by the route of the proposed drain."·

In section 4888 appears the following:·

"The said jury or special commissioners shall hear the proofs and allegations of the several parties in interest, and shall ascertain and determine the necessity for such drain, and for the taking of such private property for the use and benefit of the public for the purpose thereof."

In the instant case special commissioners were duly appointed. They and the drain commissioner made what we will designate an original return in which it is stated that before special commissioners were appointed certain releases of right of way had been obtained and arrangements had been made for the release of the right of way on other property. We quote:

"Also that a release had been executed for all lands traversed by the branch of said drain outside of plaintiff's land, before the appointment of special commissioners.     *     *     *

"That in accordance with the statute, said special commissioners of the drain, the drain commissioner and other parties in interest, who were present and who so desired to do, and who had not released the right of way for said proposed drain, met at the time and place ordered by said court and proceeded to view such premises, and in accordance with their right, entered upon such lands as they saw fit and deemed necessary to enter upon, traversed by the route of said proposed drain.     *     *     *

"That said special commissioners did not go upon some of the lands and premises described in the affidavit attached to the writ of certiorari in this cause, because said lands had already been released to the said drain commissioner of said county for right of way.

"That said special commissioners did traverse said drain to such an extent as in their judgment was necessary for them to arrive at the determination that they have arrived at, and that they did enter upon said lands as in their judgment it was necessary for them to enter upon in order to arrive at the determination that they arrived at, and that they were not required under the law to traverse every foot of said proposed drain or to enter upon every piece of land traversed by the same.     *     *     *

"That thereupon certain persons sworn to give testimony before said special commissioners and certain other persons made verbal and sworn statements

before said commissioners, and no person who desired to be sworn was refused to be sworn in connection therewith, and that no objection was made to receiving unsworn statements from any person by any person interested in the matter of the said Fischer drain.
\*     \*     \*

"That at the hearing before said special commissioners all persons in interest were permitted to present such facts and matters as they desired to present before said commissioners, and that said commissioners, after all of the facts and matters presented by parties in interest had been presented to them, arrived at the determination embodied in their return hereto attached.     \*     \*     \*

"That the said special commissioners did view the premises described in the survey and affected by said drain, as required by law.     \*     \*     \*     That legal and competent proof was received by said special commissioners in view of the necessity of said drain and the taking of plaintiff's private property for the purpose thereof.

"That the special commissioners, in arriving at their decision, did not disregard the legal proofs offered at such hearing as to the necessity of said drain and the taking of plaintiff's property for the purposes thereof.     That said special commissioners, in making their award did follow the valid proofs offered at said hearing on the subject of compensation and damages to plaintiff."

In an amended return they describe more in detail the lands which they did not actually view. We again quote:

"That making return to the tenth paragraph of said petition, they admit that several persons made verbal and sworn statements to sustain and support the alleged necessity of said drain, and the taking of private property for the right of way through, and they admit that such persons were not sworn and that no sworn or verified proofs were offered or received in support thereof.

"That making further return to the eleventh paragraph of said petition, they admit that plaintiff and

other persons who disputed the necessity of said drain and the necessity of taking private property therefor, were sworn and gave testimony in opposition to the necessity of said drain and the taking of private property for the right of way thereof; and they admit that such persons were the persons named in said paragraph of said petition, and they admit that their testimony was the only sworn verified testimony offered or received at said hearing."

The return indicates that the land not actually traveled over by the commission was land to which the right of way had been released. It seems to be the contention of the plaintiff that the commissioners must view every description of land which is traversed by the drain. The statute does not so say. It is a matter of common knowledge that if one views the line of a proposed drain at frequent intervals he will get an intelligent idea of the situation even though he does not view every small description of land traversed by the drain. There does not seem to be anybody complaining about this drain and its location but the plaintiff, and he is not questioning the necessity of the drain. We quote from the brief of his counsel.

"Plaintiff's lands are not used for agriculture but bear extensive and valuable growing timber, which he had carefully preserved and cleared of undergrowth to aid the timber's development, and which would have to be cut down and destroyed by the establishment of the drain as proposed. The proposed course of the drain was to be through this growing timber. The destruction of the timber could easily be avoided by establishing the proposed drain on the east or west line of plaintiff's land, to which plaintiff would not object. On the hearing before special commissioners, Edward Wilhelm, a competent surveyor and civil engineer, who had made an examination of the premises, testified that the drain could easily be placed on plaintiff's east line, thus accomplishing all that would be accomplished by the proposed course of the drain and

without injury to plaintiff, and that said east line would be a more feasible course for the drain because it was a quarter section line upon which there would some day be a highway. The proposed course would damage plaintiff to the extent of $3,000."

The commissioners were on the premises owned by the plaintiff and return:

"That Edward Wilhelm testified that the east line of plaintiff's said property would be more feasible as a course for said drain because it was a section line upon which there would be some day a highway, and these special drain commissioners further ascertained that the said east line is not a section line on which some day there would be a highway. That said special commissioners viewed the premises of said plaintiff and are of the opinion that the award made by them for damages is a just and proper award and full compensation to said plaintiff on account of any damages that he may have sustained on account of the construction of said proposed drain."

Complaint is now made that the evidence as to the necessity of the drain was unsworn. There is nothing to indicate that any claim of this sort was made at the hearing. The statute says the commissioners shall hear the "proofs and allegations." We do not think the plaintiff has made such a showing as to invalidate the proceeding. See *Township of Swan Creek* v. *Brown*, 130 Mich. 382.

The judgment is affirmed, with costs to the appellees.

STEERE, C. J., and WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.