AUDITOR GENERAL v. BOLT.

1. APPEAL AND ERROR — QUESTIONS REVIEWABLE — POINTS NOT RAISED BELOW.

Where the record contains all the facts necessary for the proper consideration of a point raised by this court, it will be considered, though not raised or passed upon in the court below.

2. DRAINS—ESTABLISHMENT—PROCEEDINGS—REVIEW.

Section 4346, 2 Comp. Laws, points out the mode of review of drain proceedings, and unless that method is pursued the legality of the drain cannot thereafter be questioned in any suit at law or equity.

3. SAME — SPECIAL DRAIN COMMISSIONER — OATH OF OFFICE — NECESSITY.

The statute does not require a special drain commissioner to file an oath of office.

¹147   283
150   ¹128
|150   ¹234
147   283
f151  ²272

147   283
f152 ² 99

4. SAME—DISQUALIFICATION—HIGHWAY COMMISSIONER.

  Section 4317, 2 Comp. Laws, disqualifying a highway commissioner to act as a special drain commissioner, does not disqualify a county road commissioner, a different officer.

5. SAME—JURISDICTION—PETITION — SUBSEQUENT IRREGULARITIES.

  Where a special drain commissioner is regularly appointed by the probate court, pursuant to a sufficient petition of free holders, he has jurisdiction to proceed, and subsequent irregularities do not affect the validity of the special taxes spread for the work.

Appeal from Muskegon; Sessions, J. Submitted October 12, 1906. (Docket No. 73.) Decided March 5, 1907.

Petition by James B. Bradley, auditor general, for the sale of land delinquent for taxes: On objections of Tom J. G. Bolt. From a decree for petitioner, contestant appeals. Affirmed.

*Cross, Lovelace & Ross,* for petitioner.

*Stephen H. Clink,* for contestant.

BLAIR, J. On the 28th day of July, 1902, 13 "freeholders of the townships of Moorland and Egleston, in the county of Muskegon," filed with the county drain commissioner an application for the widening, deepening, straightening, and cleaning out of a certain drain known as the "Big and Outlet Drain." On August 6, 1902, the application, together with a certificate of the county drain commissioner that he was interested in the drain, were filed with the judge of probate, who made an order for a hearing on the 25th day of August, 1902. On September 2, 1902, the day to which the hearing was adjourned, the judge of probate made an order appointing Fred D. Hoogstraat, of the township of Ravenna, in said county, to act as special county drain commissioner to carry on and complete the proceedings on said drain. On the 7th day of April, 1903, Hoogstraat made his final order of determination, and on the following day filed a certified

copy thereof with the county clerk.   On October 12, 1903, the original order of final determination was filed with the county clerk.. The records and files of the county clerk's office show the following:

"October 12, 1903, exemplification of the record of the probate court filed.

"October 12, 1903, opinion of drain commissioner as to necessity, etc., filed.

"October 12, 1903, first order of determination filed. Exhibit D.

"October 12, 1903, 10 releases of right of way filed.

"October 12, 1903, final order of determination filed. Exhibit E.

"October 12, 1903, apportionment of benefits filed.

"October 12, 1903, drain special assessment, roll filed.

"October 12, 1903, notice of letting contract filed.

"October 12, 1903, affidavit of publication of notice of letting drain contracts filed.   Exhibit F.

"October 12, 1903, financial statement filed.

"January 11, 1904, drain commissioner's bill filed. Exhibit G.

"August 13, 1904, affidavit of posting notice of letting drain contract filed.

"August 15, 1904, proof of personal service of notice of letting drain contract filed.

"August 15, 1904, proof of service of notice of letting drain contract by leaving copy at residence filed.   Exhibit H.

"October 12, 1904, financial statement filed.

"November 25, 1904, commissioner's receipted bill filed. Exhibit I.

"October 9, 1905, 26 contracts filed.

"October 9, 1905, profile filed."

Mr. Bolt was assessed for taxes, on account of this drain, to the amount of $326.49.   He refused to pay any portion of the assessment.   His lands were returned as delinquent for the taxes, and the auditor general included these lands in his petition for the sale of lands in Muskegon county for delinquent taxes.   On April 16, 1906, Mr. Bolt filed 21 specifications of objections to the making of a decree for the sale of his lands as prayed for by the auditor general.   The matter having been fully heard by

the circuit court in chancery, the said objections were on the 25th day of April, 1906, overruled by order of the court, from which order an appeal has been taken to this court.

Counsel for appellant relies in his brief upon the following objections:

Hoogstraat was disqualified to act because (1) he filed no official oath of office; (2) he was a county road commissioner, and therefore disqualified by section 4317, 2 Comp. Laws.

The probate court had no jurisdiction of the proceedings because: (1) The petition does not state that the petitioners are the owners of lands liable to assessment; nor show how many are residents of Moorland; nor how many are residents of Egleston; nor whether a sufficient number of them are liable to assessment for benefits. (2) Petition prays that drain may be widened, etc., "in the manner above set forth," while petition is silent as to the manner. (3) The certificate of the county drain commissioner as to his interest is not sufficient. (4) No petition for the determination of his disqualification was filed with the judge of probate by county drain commissioner. (5) Affidavit of publication of order fixing day of hearing question of county drain commissioner's qualification insufficient. (6) Hoogstraat was special commissioner in name only. The proceedings were really conducted by the county drain commissioner. (7) Financial statement required by section 4314, 2 Comp. Laws, was not signed by the commissioner.

In pursuance of section 193, 1 Comp. Laws, this court requested briefs upon the question "whether the objections made by Mr. Bolt in view of the provisions of section 4346, 2 Comp. Laws, are open to him." Such briefs have been furnished, defendant contending that:

(a) Section 4346 can only relate to proceedings had by one having official power to act and acting in accordance with the forms of law.

(b) Section 4346 relates to irregularities, and not to jurisdictional defects.

(c) This point was not raised or passed upon in the court below, and cannot be considered in this court.

*c.* This contention is disposed of by the fact that the point is raised by this court, and the record contains all of the facts necessary for its proper consideration. In *Gadd* v. *City of Detroit*, 142 Mich. 683, the record did not purport to contain all the testimony, and available testimony may have been omitted because the point was not raised.

*a, b.* As we said in *Strack* v. *Miller*, 134 Mich. 311:

"The purpose of the statute undoubtedly is to give an opportunity to have a speedy hearing upon any question of jurisdiction or any question of irregularity."

There was no constitutional objection to this statute. It provides an adequate remedy for any person aggrieved by the proceedings to establish a drain, and protect the public and its officers against the expense and delay which might ensue if the proceedings could be otherwise attacked. The statute points out the mode of review, and unless the method is pursued the legality of the drain cannot "thereafter be questioned in any suit at law or equity." *Crandall* v. *McElheny*, 146 Mich. 191. Doubtless, if the records disclosed that a person without color of authority had conducted the proceedings to lay out a drain, such proceedings would be a mere nullity and might be attacked collaterally, but no such case is presented by this record.

The statute does not require the special drain commissioner to file an oath of office, but only a bond, which was filed. Neither does the statute disqualify a county road commissioner, but applies only to a highway commissioner, a different officer. The special commissioner was regularly appointed by the probate court, and had authority to conduct the proceedings. In *Hall* v. *Slaybaugh*, 69 Mich. 484, the court said:

"It is the petition in this class of cases which gives the commissioner jurisdiction, and, if that is sufficient, the other proceedings after that, if not in accordance with the statute, become irregularities of more or less importance," etc.

Even if the petition was open to attack in a collateral proceeding, we think it was sufficient, and, as there-were no other defects in the proceedings which were open to attack, the decree is affirmed, with costs to complainant.

GRANT, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.