TOWNSHIP OF CLARENCE v. DICKINSON.

1. CONSTITUTIONAL LAW—STATUTES—VALIDITY—PRESUMPTIONS.

That cases may arise to which a statute can have no constitutional application is no reason for declaring the statute unconstitutional, since it is to be presumed that the legislature intended to enact a constitutional statute and did not intend to exceed the constitutional limits of its authority.

2. DRAINS—ESTABLISHMENT—PROCEEDINGS— REVIEW — STATUTE— APPLICATION.

Section 4346, 2 Comp. Laws, providing that the legality of a drain shall not be questioned in law or equity except by certiorari brought within the time therein prescribed, is constitutional in its application to a case in which it is claimed that the drain commissioner lacked jurisdiction because the application for the drain was not signed by a sufficient number of freeholders, the jurisdictional objection not being of a constitutional character.

3. SAME — DRAIN IN SEVERAL COUNTIES — APPORTIONING COST— MISTAKE—CORRECTION.

It is immaterial to landowners assessed for the benefits of a drain traversing several counties that, after apportioning the cost between the counties interested, a mistake was made by the commissioners in entering the figures in the writing signed by them, which mistake was corrected before the suit to enjoin the construction of the drain was heard and before any steps were taken to construct the drain, since if the commissioners had any authority to make the correction complainants have no need of relief, and if they had none there is no ground upon which a court can direct them to make it.

Appeal from Calhoun; North, J.   Submitted January 15, 1908.   (Docket No. 57.)   Decided February 15, 1908.

Bill by the township of Clarence and others against E. D. Dickinson, drain commissioner, and others to enjoin the construction of a drain.   From a decree dismissing the bill, complainants appeal.   Affirmed.

*Hatch & Page*, for complainants.

*Elmer N. Peters*, for defendants.

CARPENTER, J.   This is a suit in equity brought for
the purpose of enjoining the construction of an alleged ex-
tension of Peacock drain, so-called, to Loomis Lake.
The drain proposed to be constructed lies wholly within
the county of Eaton.   The assessment district extends
into the township of Clarence, Calhoun county, and into
the township of Springport, Jackson county.   The com-
plainants, other than the township of Clarence, own land,
in said township situated in said assessment district.   The
application for the drain described it with precision.   It
called it an extension of Peacock drain.   It was signed
by 18 petitioners, freeholders of the townships to be
traversed by said drain, and it stated that three or more
of them are owners of land liable to an assessment for
benefits.

The ground upon which complainants seek relief is this,
that the proposed drain is really a new drain; that the
application should therefore have been signed by five per-
sons liable to an assessment for benefits (see Act No. 272,
Public Acts of 1899, chap. 3, § 1) and as it does not ap-
pear to be signed by that number the drain commissioner
had no jurisdiction; the proceedings are a nullity and can
be attacked collaterally.   The final order of determination
of the drain commissioner was filed in the office of the
county clerk, as required by law, December 5, 1906.   No
attempt was made to review these proceedings by certi-
orari and this suit was instituted January 3, 1907.   In
the circuit court a decree was rendered dismissing com-
plainants' bill.   Complainants appeal.

Section 4346, 2 Comp. Laws, authorizes a review of the
proceedings for establishing a drain by writ of certiorari.
Ten days after the order of final determination is filed
with the county clerk is given for the issuance of this
writ, and it is distinctly provided:

"If no certiorari be brought within the time herein pre-
scribed, the drain shall be deemed to have been legally
established, and its legality shall not thereafter be ques-
tioned in any suit at law or equity."

Complainants are seeking to do what this law in express terms prohibits. They cannot succeed if the law is constitutional. Complainants' claim of a right to disregard the law is an assertion of its unconstitutionality. Is the law unconstitutional? I have no doubt cases may arise to which this law can have no constitutional application. Such a case will be presented if the proceedings before the drain commissioner violate constitutional rights. The fact that such cases may arise is no reason for declaring the law unconstitutional. It is to be presumed that the legislature intended to enact a constitutional law and not an unconstitutional law (Cooley on Constitutional Limitations [7th Ed.], p. 255), and it should be construed in accordance with this intent. The language of the statute indicates that the legislature intended to go to the limit of its authority, but it is also to be presumed that it did not intend to exceed those limits. Within the limits of that authority, then, the statute has a constitutional application. *Auditor General* v. *Bolt*, 147 Mich. 283; *Crandall* v. *McElheny*, 146 Mich. 191; *Grandchamp* v. *McCormick*, 150 Mich. 232.

The question, then, and the only question, for our consideration is this: Can the statute have constitutional application to this case? The only reason advanced for saying that it cannot, is this, viz., that equity can afford relief whenever the drain commissioner lacks jurisdiction. It is apparent from the foregoing reasoning that the lack of jurisdiction which will warrant relief in equity must arise from a violation of the Constitution. The objection to the jurisdiction in such cases must be a valid constitutional objection. Such objection could be urged if no notice or opportunity of hearing was given to one whose property was to be taken for the construction of the drain, for he has a constitutional right to such notice, and if that right is disregarded, the proceedings are as to him a nullity. If, on the other hand, the objections to the jurisdiction are not of a constitutional character, it is obvious that the legislature has a right to say how they shall

be raised, or, in its wisdom, deprive one altogether of the privilege of raising them.

The jurisdictional objection raised by complainant is not of a constitutional character. The Constitution does not require the petition to be signed by five property owners liable to assessments for benefits. That requirement is purely statutory. The legislature might have dispensed with it altogether. It therefore possessed ample constitutional authority to declare how objections to its non-observance should be made. It had authority to declare that objections not so raised should be disregarded. It exercised that authority by the statute under consideration. That statute is therefore constitutional in its application to this case and it prevents complainants maintaining this suit.

It is not to be inferred from this decision that complainants who are merely liable to be assessed for this drain could be heard in any court to question the legality of the proceedings for its establishment. The ground upon which we dispose of this case makes it unnecessary to determine that question, and we do not determine it.

Complainants also insist that after apportioning the cost of this drain between the three counties interested, a mistake was made by the commissioners in entering their figures in the writing signed by them. This is conceded and the mistake was corrected before this suit was heard, and before any steps were taken to construct the drain. The correction was favorable to complainants, but they contend that to make it valid it must be ordered by the decree of a court. If the commissioners had authority to make this correction—and we are cited to no decision which denies that authority—complainants have no need of relief. If they have not that authority we can see no ground upon which a court can direct them to make it.

The decree is affirmed.

GRANT, C. J., and BLAIR, MOORE, and MCALVAY, JJ., concurred.