STELLWAGEN *v.* DINGMAN.

DRAINS—JURISDICTION—EQUITY WILL NOT ENJOIN DRAIN PROCEED-
INGS WHERE NO CONSTITUTIONAL RIGHTS VIOLATED.

Where taxpayers failed to raise any objection to proceed-
ings to clean out a drain traversing their lands until
after the contract had been let and expenses incurred
thereunder, and no claim is made that the statutory re-
quirements as to notice were not complied with by the
drain commissioner or that any of plaintiffs' constitutional
rights have been violated, a court of equity will not assume
jurisdiction to set aside the proceedings and enjoin the
collection of the tax; the statutory remedy being by
certiorari.[1]

Appeal from Wayne; Barton (Joseph), J., presiding.
Submitted October 9, 1924.    (Docket No. 48.)    De-
cided December 10, 1924.

Bill by George M. Stellwagen and others against
George A. Dingman, drain commissioner of Wayne
county, and others to set aside certain drain proceed-
ings, and to enjoin the collection of a tax.    From a
decree for plaintiffs, defendants appeal.    Reversed,
and bill dismissed.

*Crandell, Tinkham & Baxter* and *Edward M. Vining,*
for plaintiffs.

*Paul W. Voorhies,* Prosecuting Attorney, and *Edwin
S. Bartlett,* Assistant Prosecuting Attorney, for de-
fendants.

SHARPE, J.    On October 28, 1922, the following
petition was presented to the defendant Dingman,
county drain commissioner of Wayne county:

---

[1]Drains, 19 C. J. § 262.
On loss of right to contest assessment in drainage proceeding
by waiver, estoppel, or the like, see notes in 9 A. L. R. 842.

"To the County Drain Commissioner of the County of Wayne.

"Your petitioners respectively show that they are (freeholders of the townships of Nankin, Romulus and Van Buren) Board of Road Commissioners, in the county of Wayne and State of Michigan, and that the said petitioners are (the owners of land) liable to an assessment for benefits on account of a certain drain known and designated as the 'McClaughrey drain,' situated in the townships of Nankin, Romulus and Van Buren, in said county and State.

"That said drain needs cleaning out its entire length and as per records in liber 10 of drains, page 256, and that it is necessary that said drain be cleaned out for the reason that the same is necessary and conducive to the public health, convenience and welfare.

"Your petitioners do therefore hereby make application and request that said drain known and designated as the 'McClaughrey drain,' may be cleaned out in the manner set forth and in accordance with the provisions of the statute in such case made and provided.

"Dated this 28th day of October, A. D. 1922.

"The following are the names of petitioners and their respective townships.

"EDWARD N. HINES, Chairman.

"JOHN S. HAGGERTY, Commissioner.

"W. T. BUTLER, Commissioner.

"Board of County Road Commissioners, Wayne county, Michigan."

Proceedings were taken by the drain commissioner resulting in his letting a contract on May 28, 1923, to W. G. Smith to do the work specified therein for the sum of $6,400. Considerable work was done and expense incurred by the contractor, and a tax therefor was spread on the tax rolls of 1923. On February 15, 1924, the plaintiffs, who are taxpayers and against whose lands taxes have been spread in the townships traversed by the drain, filed this bill of complaint, averring the want of jurisdiction of the drain commissioner and praying that such taxes be declared void and the lands of plaintiffs relieved from the lien

thereof; that the drain commissioner be enjoined from further proceedings, and that the township treasurers be enjoined from enforcing collection of further taxes and from paying to the county treasurer the drain taxes collected by them.  On final hearing, a decree was entered granting the relief prayed for, from which the defendants have appealed.

Counsel for the appellees contend that the decree should be affirmed because of the defect in the application in not correctly stating the purpose for which the cleaning out of the drain was needed, and also because the commissioner was in effect constructing a new drain.  The first order of determination was made on April 10, 1923, and the final order on May 10, 1923.  In the order first made the particular work to be done was set out at length and was pursuant to and in accordance with a survey theretofore made by a competent surveyor employed by the commissioner.  No claim is made that the statutory requirements as to notice were not complied with by the commissioner.

We are constrained to hold that the questions here presented cannot be raised by a bill in equity, filed by resident taxpayers after the contract had been let and expense incurred thereunder.  In *Township of Clarence* v. *Dickinson,* 151 Mich. 270, wherein the objection was based on a claim that the requisite number of taxpayers liable to assessment for benefits had not signed the petition, it was held that "the lack of jurisdiction which will warrant relief in equity must arise from a violation of the Constitution."  It was said that—

"Such objection could be urged if no notice or opportunity of hearing was given to one whose property was to be taken for the construction of the drain,"

but that there is no constitutional requirement as to

229—Mich.—11.

the number who shall sign the petition; that the requirement was statutory; that the legislature might provide that objections should be raised in the manner provided by the statute (by certiorari), and that the denial of other remedy was not a violation of constitutional rights.    This decision has been quoted from with approval in the more recent cases of *Cummings* v. *Garner*, 213 Mich. 408, and *Heliker* v. *Oakland County*, 216 Mich. 595, and must be accepted as the settled law of this State.    That it is in line with the weight of authority will be seen by a perusal of the note on page 856 of 9 A. L. R.    See, also, *Troost* v. *Fellows*, 169 Mich. 66, and *Toledo, etc., R. Co.* v. *Shafer*, 190 Mich. 89, wherein the earlier cases in this court are collected.

A decree will be here entered dismissing the bill of complaint, with costs to appellants.

CLARK, C. J., and McDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.