AUDITOR GENERAL *v.* UNION LAKE LAND CO.

1. Highways and Streets—Failure to Review by Certiorari—Constitutional Rights.

The rule that a property owner who fails to review proceedings to improve a highway by the statutory remedy of certiorari, may not thereafter question their regularity, is not applicable where constitutional rights have been invaded.

2. Same—Taxation—Where No Constitutional Rights Invaded Landowner Who Failed to Review by Certiorari May Not Question Validity of Tax.

Where, in proceedings under the Covert act for the improvement of a highway, a notice in proper form was posted, as required by 1 Comp. Laws 1915, § 4680, but the required published notice was defective in not fixing the time of hearing, a property owner who did not review the proceedings by certiorari (sections 4736, 4737) may not, six years later, in proceedings by the auditor general to enforce payment of the tax, assail its validity by reason of the defective notice; the posted notice having satisfied the constitutional requirement as to notice, no constitutional rights were invaded.

Appeal from Oakland; Covert (Frank L.), J. Submitted April 6, 1927. (Docket No. 22.) Decided June 24, 1927.

Petition by Oramel B. Fuller, auditor general, against the Union Lake Land Company for the sale of land delinquent for taxes. From a decree for plaintiff, defendant appeals. Affirmed.

*James H. Lynch,* for plaintiff.

*J. A. & C. C. Tillson,* for defendant.

---

[1]Highways, 29 C. J. § 330; [2]Id., 29 C. J. §§ 330, 499 (Anno).

FELLOWS, J. On August 26, 1919, proceedings were instituted under the provisions of the Covert act for the improvement of a highway in Oakland county. The Union Lake Land Company joined in instituting such proceedings. The proceedings were completed in 1920. No application was made for certiorari to review them by the company or by any one else, so far as the record discloses. Three hundred twenty-two lots owned by the company were assessed for benefits. In 1926 the company appeared in the proceeding instituted by the auditor general pursuant to the statute to enforce payment of delinquent taxes and assessments and objected to the validity of the assessment on these lots. The principal objection was that proper notice was not given. A notice in proper form and not objected to was posted as required by section 4680, but the published notice was defective in not fixing the time of hearing. The trial judge was of the opinion that this objection should have been made by certiorari and could not be raised some six years later in this proceeding after the work had all been completed, and, relying on sections 4736, 4737, 1 Comp. Laws 1915, overruled this objection to the assessment. This holding was in consonance with the holdings of this court. *McDermott* v. *Kent County Road Com'rs,* 199 Mich. 613; *Cummings* v. *Garner,* 213 Mich. 408; *Heliker* v. *Oakland County,* 216 Mich. 595, in which cases we followed the rule announced in numerous drain cases involving similar provisions. In the *McDermott Case,* Mr. Justice MOORE, speaking for the court, said:

"If plaintiffs were of the opinion that a fatal omission was then made, they should have commenced certiorari and the controversy could have been quickly ended. We all know the value of time in road building. The season in which work can economically be carried on is very short. The legislature doubtless had this fact in mind when it provided a speedy

remedy for any irregularities.   The plaintiffs should have pursued that remedy.   Not having done so, the proceedings must be regarded as regular, 'and its legality shall not thereafter be questioned in any suit at law or in equity.' "

These decisions are not applicable where constitutional rights are invaded.   But here we do not perceive that the constitutional rights of the objector have been invaded.   One of the notices given is admittedly a valid notice.   The objector's constitutional rights did not entitle it to two notices.   Had no notice been given, another question would be presented.  *Hinkley* v. *Bishopp*, 152 Mich. 256.   It would have been competent for the legislature to provide for but one form of notice.   In the case of *Township of Clarence* v. *Dickinson*, 151 Mich. 270, a drain case, where it was claimed that the commissioner did not obtain jurisdiction because the statutory number of property owners did not sign the petition, it was pointed out that this was a statutory requirement, not a constitutional one, and that it was competent for the legislature to prescribe how such questions should be raised. It was there said by Mr. Justice CARPENTER, speaking for the court:

"The Constitution does not require the petition to be signed by five property owners liable to assessments for benefits.   That requirement is purely statutory. The legislature might have dispensed with it altogether.   It therefore possessed ample constitutional authority to declare how objections to its nonobservance should be made.   It had authority to declare that objections not so raised should be disregarded.   It exercised that authority by the statute under consideration."

So here, the provision for two forms of notice is statutory; one notice would have satisfied the requirement of the Constitution; one good notice was given. The constitutional right of the objector to notice hav-

ing been satisfied, he can not in this proceeding assail the regularity of an additional notice, the regularity of which he could have assailed by the statutory remedy of certiorari. It was competent for the legislature to provide a method of reviewing the regularity of statutory proceedings not affecting constitutional rights in the manner it did in this act.

Objector's counsel sought to raise the question that the assessment was excessive, but the trial judge held that such objection was not available in these proceedings. Objector's counsel did not make a record under the provisions of section 12493, 3 Comp. Laws 1915, so that we have no testimony on the subject before us.

The decree will be affirmed, with costs of this court.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.