SQUIER *v.* NASH.

1. DRAINS—INJUNCTION—FRAUD NOT ESTABLISHED.
   In a suit to restrain a tri-county drainage board from taking further steps to construct a supplemental tri-county drain, plaintiffs' charges of fraud, *held,* not well founded.

2. SAME—CERTIORARI PROPER REMEDY.
   In the absence of fraud, certiorari is the proper remedy to test the validity of drain proceedings.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted January 12, 1927. (Docket No. 66.) Decided October 3, 1927.

Bill by Emery H. Squier and others against Joel J. Nash and others to enjoin the construction of a drain. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*L. J. Lewis* and *W. J. Barnard,* for plaintiffs.

*James E. Chandler* and *Asa K. Hayden,* for defendants.

STEERE, J.    This bill of complaint was filed by supervisors Squier and Corey, together with over 250 other residents and taxpayers of the townships of Decatur and Hamilton in Van Buren county, to restrain the three county drain commissioners of Cass, Berrien, and Van Buren counties and the deputy commissioner of agriculture, constituting the tri-county drainage board, from taking further steps in a supplemental tri-county drainage proceeding, commenced in 1924, to straighten, deepen, widen, and clean out what is known as the Dowagiac river drain.    That

---

[1] Injunctions, 32 C. J. § 581; [2] Drains, 19 C. J. § 144.

drain, as previously laid out and partially developed, extended for about 25 miles in a generally southwesterly direction, following approximately the course of a natural stream known as Dowagiac creek, or river, running through portions of the three named counties, with its outlet at the St. Joseph river in Berrien county, which flows northwesterly into Lake Michigan.

This case is an aftermath of proceedings started by a petition filed May 6, 1916, resulting in a prolonged litigation which has heretofore figured in this court. Phases of this litigation are found in *People* v. *McElheny*, 221 Mich. 50; *Nash* v. *Robinson*, 226 Mich. 146; *Maryland Casualty Co.* v. *Moon*, 231 Mich. 56; and *First National Bank of Paw Paw* v. *Nash*, 232 Mich. 380. The previous litigation developed out of contracts let for constructing this drain, consisting mostly of dredging. Three contracts were awarded to different parties, named Kinney, Athey, and McElheny. Kinney and Athey performed their contracts and received their pay. McElheny's contract was for excavating the lower portion of this drain, extending northerly from its outlet into St. Joseph river for a distance of about 12 miles. He defaulted in his contract after dredging less than 7 miles of the drain, 5.62 miles remaining yet undug. He took the contract for less than $40,000, and by manipulations with the drain commissioner received drain orders for considerably more than $100,000, ostensibly on his contract. All of the counties paid their assessment for this drainage work. The fund was looted in Cass county through fraudulent conduct of some of its officials and McElheny. In the Van Buren county territory there still remains about $6,000 not expended, or paid out on presentation of orders, by reason of the prosecuting attorney of that county forbidding the same. Many orders issued to McElheny purchased by banks and others are yet outstanding and unpaid.

The property owners along the undug portion of the Dowagiac river drain have made various unsuccessful efforts to get the same completed, which need not be detailed.

This proceeding was initiated by a petition filed with the tri-county drainage board, composed of defendants, which proceeded to pass upon and act under the drainage law.   After certain resurveys and other preliminary steps, the board made findings and determined it necessary, and conducive to public health, convenience, and welfare that the drain be deepened, widened, straightened, and cleaned out, commencing at a described point in the Dowagiac river in Niles township, Berrien county, following a generally northeasterly course of that river through Howard, Pokagon, Silver Lake, and Wayne townships in Cass county to the terminus of the Dowagiac river drain as already constructed in Van Buren county.

The relative cost of this undertaking was apportioned between the three counties on the basis of 46.5% for Van Buren county, 53.4% for Cass and .1% for Berrien county.   These proceedings progressed to a point where initiatory steps were taken for letting the contract, when this suit was commenced, and all further proceedings were suspended by a temporary injunction.

Plaintiffs charge in their bill of complaint that defendants acted fraudulently, adopting a course which would perpetrate a fraud upon them as taxpayers in Van Buren county who had once paid full assessments for the completed drain, by again taxing them for work paid for but not done in Cass county through the negligence or dishonesty of its drain commissioner. Defendants answered issuably, denying fraud in intent or fact, alleging they acted legally and in good faith.

The matter came to issue, and, following the hearing, memorandum opinions were filed by the court.   A

decree was first rendered on April 16, 1926, in which the court then held that the drainage proceedings were regular and legally conducted up to the time of giving notice of the review of apportionment for benefits, but restrained the tri-county drainage board from holding a review for apportionment of benefits, letting contracts, or any other subsequent proceedings until it had caused personal notice to be served upon every person whose lands were included in the Dowagiac river drain assessment district, and directed that notice be served on nonresident owners and others affected by the proceedings pursuant to the provisions of Act No. 365, Pub. Acts 1925, and that the injunction before granted should, when such steps were taken, be dissolved. This was followed by a so-called supplemental decree, filed on May 24, 1926, reading in part as follows:

"After reconsideration of the matters involved in this action and having rendered an opinion thereon after such reconsideration, which amends, alters and changes the former decree now on file.

"Therefore, this court, by virtue of the authority therein vested, doth hereby order, adjudge and decree, that the bill of complaint be and is hereby dismissed, but without costs."

Plaintiffs gave timely notice of appeal from both decrees, and perfected their appeal from the last.

From a careful consideration of not only this record but the preceding related cases relative to this tri-county drain, we are persuaded that defendants were acting in their official capacity with an honest attempt to comply with the statute and in good faith endeavoring to work out a legal solution of a complicated and difficult situation. We find plaintiffs' charges of fraud not well founded.

In the absence of fraud, plaintiffs' complaints as to this drain proceeding are not within the field of equity jurisprudence. As early as July 1, 1907, this court,

speaking through Justice OSTRANDER in the case of *Patterson* v. *Mead*, 148 Mich. 659, said:

"The statute (2 Comp. Laws 1897, § 4346) provides for a speedy review of proceedings in establishing a drain by certiorari, in which review, if any error be found in the proceedings, the court shall direct the county drain commissioner to correct such error or errors and then proceed the same as though no error had been made."

This court has frequently held that, in the absence of fraud, certiorari is the proper remedy to test the validity of drain proceedings. *Auditor General* v. *Bolt*, 147 Mich. 283; *Grandchamp* v. *McCormick*, 150 Mich. 232; *Township of Clarence* v. *Dickinson*, 151 Mich. 270; *Troost* v. *Fellows*, 169 Mich. 66; *Toledo, etc., R. Co.* v. *Shafer*, 190 Mich. 89; *Pere Marquette R. Co.* v. *Auditor General*, 226 Mich. 491; *Stellwagen* v. *Dingman*, 229 Mich. 159. A recent case is *Pere Marquette R. Co.* v. *Wilcox*, 236 Mich. 254, in which it is again held that certiorari is the proper proceeding.

The decree of the court below dismissing plaintiffs' bill of complaint is affirmed, but as the questions involved are of public interest no costs will be allowed to either party.

SHARPE, C. J., and BIRD, SNOW, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.