TOWNSHIP OF LAKE *v.* MILLAR.

1. DRAINS—SEWER NOT DRAIN—STATUTES.
    In proceedings by township to have drain proceedings declared fraudulent and void, trial court correctly found that drain in question is not drain, as contemplated by law, but is in fact sewer, the building of which has no justification either legal or economic (Act No. 316, Pub. Acts 1923).

2. SAME—AUTHORITY OF DRAIN COMMISSIONER.
    Drain commissioner may not, by mere assumption of authority, legally do that which he has no authority to do.

As to what is a drain or sewer, see annotation in 60 L. R. A. 162, 163.

3. PUBLIC OFFICERS—AUTHORITY MEASURED BY STATUTE.

Extent of authority of people's public agents is measured by statute from which they derive their authority, and not by their own acts and assumption of authority.

4. DRAINS—IRREGULARITIES—CERTIORARI—WANT OF JURISDICTION.

Although errors and irregularities in drain proceedings must be taken advantage of by certiorari, entire want of jurisdiction may be taken advantage of at any time (1 Comp. Laws 1929, § 4902).

5. SAME—DRAIN COMMISSIONER WITHOUT AUTHORITY TO BUILD SEWER—PROCEEDINGS VOID.

County drain commissioner had no jurisdiction to construct sewer under Act No. 316, Pub. Acts 1923, chap. 1, § 2, as amended by Act No. 365, Pub. Acts 1925, in which "drain" is defined; and therefore proceedings resulting in construction of sewer are void for want of jurisdiction, although application for construction of drain was signed by necessary number of freeholders.

Appeal from Macomb; Toms (Robert M.), J., presiding. Submitted October 22, 1931. (Docket No. 190, Calendar No. 35,530.) Decided March 2, 1932. Rehearing denied June 6, 1932.

Bill by Township of Lake, Macomb County, and others against Edward D. Millar, Macomb county drain commissioner, and others to declare drain proceedings void. Decree for defendants. Plaintiffs appeal. Reversed.

*Frederick McGraw* (*John H. Yoe,* of counsel), for plaintiffs.

*Earle M. French* and *John H. Nunneley* (*Miller, Canfield, Paddock & Stone,* of counsel), for defendant drain commissioners.

*Rosenbusch & Retzlaff,* for defendant City of East Detroit.

POTTER, J.  Plaintiffs, the township of Lake. Macomb county, Michigan, and a large number of individual landowners in Macomb county, brought the bill of complaint herein against Edward D. Millar, former drain commissioner of Macomb county, Bert Engelbrecht, drain commissioner of Macomb county, Walter Lehner, and William H. Hagen and Henry Heckman, the last two constituting the surviving members of the board of determination for the Nine Mile-Half Way drain, William Kruse, treasurer of Macomb county, the city of East Detroit, a municipal corporation, the village of Center Line, a municipal corporation, and the townships of Erin and Warren in Macomb county, to declare drain proceedings fraudulent and void; to restrain the assessment and collection of taxes or the reassessment and collection of the same; to restrain the drain commissioner and the county treasurer from using or applying the funds raised by assessment toward the maintenance of the drain, disposal plant, filtration beds, and purification plant; to restrain the treasurer from collecting or attempting to collect the assessments levied against the lands and property of plaintiffs; to restrain the defendant Engelbrecht, his successors, agents, and employees from connecting any branch lateral or intersecting drains with the Nine Mile-Half Way drain, from increasing the overflow and inundation of streets of plaintiff township, to restrain the city of East Detroit, the village of Center Line, and the townships of Erin and Warren from connecting additional intersectors, laterals, branch drains, or sewers to said drain, and from creating any further burden of flowage and from increasing the overflow and inundation of the streets, highways, culverts, and lands of plaintiffs.  They ask that defendant Bert Engel-

brecht, drain commissioner of Macomb county, his successors, servants, agents, and employees, be restrained from permitting any sewage from the lands lying westerly from the disposal plant, filtration beds, and mechanical devices to purify the flow of said drain, to pass by or through said drain without first passing through the disposal plant, filtration beds, and other mechanical devices to purify the flow of said drain; that by mandatory injunction he be commanded to keep the disposal plant, filtration beds, and mechanical devices in constant and continual operation, and to cause all sewage from the lands lying in a westerly direction therefrom to flow through said plant, filtration beds, and mechanical devices; that the defendant Engelbrecht, his successors, agents, servants, and employees and defendants city of East Detroit and village of Center Line and townships of Erin and Warren, be ordered by decree of this court to take such steps as may be necessary to prevent the inundation of the streets, highways, and culverts and lands of plaintiffs caused by their having increased the flowage of said drain; that defendants be required to reimburse plaintiffs for the unlawful taking of their property and for damages, and that defendant treasurer of Macomb county be required to reimburse plaintiffs for the assessments paid by them and for other relief. From a decree for defendants plaintiffs appeal.

November 19, 1924, application was made by the necessary number of freeholders residing in the county of Macomb for the establishment of a drainage district. A survey was made, engineers' estimates prepared, a drainage district established, and a first order of determination made by the drain commissioner. A sewer was built, about seven and one-half miles long, in places 35 feet below the sur-

face, a circular concrete barrel, ranging from 6 feet to 11 feet in diameter. In connection therewith is a purifying plant for sewage treatment. The cost of the sewer and sewage disposal plant was $2,781,241.19, apportioned to the several townships involved, the county, and the State highway department, with 72½ per cent. to the special assessment district.

The drain in this case does not fall within the definition of a drain as prescribed by the statute in force at the time the sewer was laid out, established, and constructed.

When the petition for the establishment of the drainage district was filed in this case, Act No. 316, Pub. Acts 1923, was in force. Section 2, chap. 1 of the act provides:

"The word 'drain' whenever used in this act shall be deemed to include any water course or ditch, opened or proposed to be opened, and improved for the purpose of drainage, and any artificial ditch or drain, levee, dyke or barrier, or tile drain proposed or constructed for such purpose."

Act No. 316, Pub. Acts 1923, was amended by Act No. 365, Pub. Acts 1925, which contained the same definition as Act No. 316, Pub. Acts 1923.

The sewer involved is of about the same character as in *Clinton* v. *Spencer,* 250 Mich. 135, where this court, after discussing other authorities, quoted with approval the language of *Roebling* v. *City of Cincinnati,* 102 Ohio St. 460 (132 N. E. 60), where it is said:

"It is contended by the city that the word 'drain,' as used in the proceedings, is broad enough in construction to include a sanitary sewer. With this view we cannot agree, although realizing full well that in common, ordinary usage the two words

'drain' and 'sewer' have to some extent been treated as synonymous and interchangeable. Applied, however, to public city improvements in the streets, we believe that the two terms have come to have their own distinctive meanings, and are easily distinguishable one from the other.

"A drain is an incident to street building. No engineer would think of constructing a street without providing for the drainage of that street. It is an essential element of good workmanship and substantial construction, and it is highly important that drains be provided to prevent the accumulation of water upon the surface of the street and adjacent territory, for the purpose of preventing early decay and deterioration of the street. By reason of its construction a street may receive surface water, and frequently does, from territory outside of its own compass, from the terraces of abutting property and from the roofs of houses thereon.

"The word sewer, on the other hand, when applied to city improvements, means a large, underground passage for fluid and feculent matter—the refuse and filth necessarily present in populated centers—by means of which this matter is carried off. A sewer is employed for the convenience of the people, and its prime purpose is for the benefit of the health of the public.

"An important and expensive improvement, such as a sanitary sewer, certainly cannot be provided for without invoking power so to do in the manner provided by law, and it will not do to claim that right, or attempt to invoke that power, through the guise or deceit of an improper name."

In *Clinton* v. *Spencer, supra,* 146, it is said:

"While undoubtedly the building of a small conduit or sewer as incidental to a drainage project might be necessary and proper, the construction of a large, expensive underground sewer, entirely independent of any other project is unwarranted.

* * * Were defendants attempting to build anything else than a city sewer at this enormous expense they would be guilty of the most wasteful extravagance.''

The trial court before whom this cause was heard filed an opinion in which he said:

''The Nine Mile-Half Way drain is not a drain as contemplated by the law, but is in fact a sewer, the building of which in territory such as this can have no justification either legal or economic.''

We agree with this conclusion of the trial court. Defendants contend, and the trial court held, that, plaintiffs not having attacked the regularity of the proceedings here involved by certiorari, are estopped from questioning their regularity in this proceeding. The statute, 1 Comp. Laws 1929, § 4902, and the cases construing and applying it, *Township of Clarence* v. *Dickinson,* 151 Mich. 270; *Arnham* v. *Round,* 210 Mich. 531; *Heliker* v. *Oakland County,* 216 Mich. 595; *Stellwagen* v. *Dingman,* 229 Mich. 159, are emphasized.

The question is presented whether a petition for a drain confers jurisdiction upon the drain commissioner to build a sewer; whether a petition to the drain commissioner to do something within the scope of his authority confers jurisdiction upon him to do something wholly without the scope of his authority; whether a petition to do something he has a right to do confers jurisdiction upon him to do something which he has no right to do; whether upon filing a petition for a drain which he has a right to build, the commissioner may lay out and construct a sewer which he has no right to build? A drain commissioner may not, by mere assumption of authority, legally do that which he has no authority to do. If, upon a petition to do what he has a right to do, he may do what he has no right to do, the extent of his

authority is measured by his own acts and conduct and not by law. The extent of the authority of the people's public agents is measured by the statute from which they derive their authority, not by their own acts and assumption of authority. The rule is that errors and irregularities in drain proceedings must be taken advantage of by certiorari, but an entire want of jurisdiction may be taken advantage of at any time. The drain commissioner had no jurisdiction to construct a sewer any more than to construct a Covert road. No one will contend that if the drain commissioner, when the petition for a drain was filed with him, had laid out an assessment district, established and constructed a Covert road, the plaintiffs would have been without remedy. The same legal question is here presented. The proceedings are void for want of jurisdiction. The decree of the trial court is reversed, and decree will be entered for plaintiffs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.