ANDERSON *v.* BOARD OF COUNTY ROAD COMMISSIONERS OF OAKLAND COUNTY.

1. HIGHWAYS AND STREETS—STATUTES—COVERT ROADS—REVIEW OF PROCEEDINGS.

Statute limiting review of proceedings for improvement of highway under Covert act to certiorari and as to time is strictly construed since, after elapse of time provided, bonds may be issued and assessments made for their payment (1 Comp. Laws 1929, § 4381).

2. Same—Covert Roads—Petition for Improvement—Signatures.
   Question as to validity of signatures on petition for improvement
   of highway under Covert act conferring jurisdiction on board
   of county road commissioners must be raised by certiorari
   within time prescribed by that act since the petition itself is
   merely a statutory, and not a constitutional, requirement (1
   Comp. Laws 1929, § 4381).

3. Same—Affidavits.
   Constitutional rights of parties included within special assess-
   ment district under Covert road act *held*, not affected by
   falsity of affidavits attached to petition for the improvement
   that statutory requirements had been satisfied.

4. Same—Recovery of Assessments.
   Bill to set aside special assessments and recover sums paid is
   dismissed notwithstanding insufficiency of valid signatures on
   petition for road improvement under Covert act and falsity of
   affidavits attached to petition, where no review of such matters
   was sought by certiorari within time prescribed by statute
   (1 Comp. Laws 1929, § 4381).
   Potter and Wiest, JJ., dissenting.

Appeal from Oakland; Doty (Frank L.), J. Sub-
mitted April 11, 1934. (Docket No. 83, Calendar
No. 37,731.) Decided October 1, 1934.

Bill by Clarence L. Anderson and others against
Board of County Road Commissioners of Oakland
County, Elston C. McClure, supervisor, and County
of Oakland, a municipal corporation, to set aside
special assessments and recover sums paid there-
under. Decree for plaintiffs. Defendants appeal.
Reversed.

*A. L. Moore,* for plaintiffs.

*James H. Lynch,* for defendant board.

*Arthur P. Bogue,* Prosecuting Attorney, and
*Robert D. Heitsch,* Assistant Prosecuting Attorney,
for defendants county and McClure.

NELSON SHARPE, C. J. Section 66 of what is known as the Covert act, being 1 Comp. Laws 1929, § 4381, reads, in part, as follows:

"The proceedings herein provided for improving any highway, shall be subject to review upon certiorari. * * * The entire proceedings shall not be set aside except where the county road commissioners, or the State highway commissioner, are found to have no jurisdiction to act upon the petition presented. * * * If no certiorari be brought within the time herein described, the improvements shall be deemed to have been legally ordered and established, and its legality shall not thereafter be questioned in any suit at law, or in equity."

The right of plaintiffs to the relief sought is based upon the claim that the petition for the improvement of the highway conferred no jurisdiction upon the commissioners to act thereon, and that the proceedings taken pursuant thereto were void and may be attacked collaterally. The petition on its face disclosed the signatures of the number of owners of property required by the statute, but the proofs show that certain of the names were not signed by the parties themselves, and that some of the purported owners did not have title in fee thereto.

The purpose of the provision restricting the time within which the proceeding may be attacked, and confining the remedy to certiorari, is apparent. After the time for review in that manner has elapsed, bonds may be issued to pay for the improvement, and assessments made for their payment, as provided for in the statute. The security of the bondholders is dependent upon the legality of the proceedings taken by the commissioners. To that end this court has construed the provision for review by certiorari with strictness.

In, I think, all of the cases in which the question has been involved under the Covert act, the decisions of this court, under somewhat similar provisions in the drain law, have been referred to with approval. In *Auditor General* v. *Bolt*, 147 Mich. 283, this court said, quoting from *Strack* v. *Miller*, 134 Mich. 311:

"The purpose of the statute undoubtedly is to give an opportunity to have a speedy hearing upon any question of jurisdiction or any question of irregularity."

In *Township of Clarence* v. *Dickinson*, 151 Mich. 270, a suit in equity was brought to enjoin the construction of a drain for the reason that, although it was called in the application therefor "the extension of an existing drain," it was intended thereby to construct a new drain, and, as it did not have the number of signatures required therefor, the drain commissioners had no jurisdiction to take any proceedings thereunder. Mr. Justice CARPENTER, speaking for the court in that case, pointed out the distinction between a want of jurisdiction due to the violation of a constitutional right and the lack of compliance with a statutory provision, and as to the latter said "that the legislature has a right to say how they shall be raised, or, in its wisdom, deprive one altogether of the privilege of raising them." He further said (p. 273):

"The jurisdictional objection raised by complainant is not of a constitutional character. The Constitution does not require the petition to be signed by five property owners liable to assessments for benefits. That requirement is purely statutory. The legislature might have dispensed with it altogether. It therefore possessed ample constitutional

authority to declare how objections to its non-observance should be made. It had authority to declare that objections not so raised should be disregarded. It exercised that authority by the statute under consideration. That statute is therefore constitutional in its application to this case and it prevents complainants maintaining this suit.''

This decision has been quoted from or cited with approval in the following cases: *Cummings* v. *Garner,* 213 Mich. 408, 424; *Heliker* v. *Oakland County,* 216 Mich. 595, 598; *Stellwagen* v. *Dingman,* 229 Mich. 159, 161; *Sterling Bank of Sleeper & Chamberlain* v. *Scott,* 231 Mich. 362, 366; *Auditor General* v. *Union Lake Land Co.,* 239 Mich. 437, 439; *Squier* v. *Nash,* 240 Mich. 146, 150; *Fuller* v. *Cockerill,* 257 Mich. 35, 39; *Township of Lake* v. *Millar,* 257 Mich. 135, 141. See, also, 9 A. L. R. 856.

In the drain case of *Stellwagen* v. *Dingman, supra,* it was referred to and quoted from, and it was said that it ''must be accepted as the settled law of this State.''

In *Heliker* v. *Oakland County, supra,* an action was brought to recover taxes paid under protest, assessed under the Covert act, for an improvement similar to that here involved. The application asked for the construction of about five miles of road, only two of which were at that time a part of a public highway. The other three miles were subsequently conveyed to the county. This act does not authorize the laying out of a new road or the extension of an old one. Clearly, there was no jurisdiction for the commissioners to act thereunder. The opinion, written by Mr. Justice BIRD, is so accessible that I hesitate to quote at length therefrom. He stated therein that—

"The question is one that has perplexed the profession to determine when the exclusive remedy of certiorari must be invoked and when the proceedings might be attacked collaterally in other actions."

He referred to the drain case of *Strack* v. *Miller, supra,* wherein this court reversed the trial court and held that the remedy for the defect in the petition, in that it lacked the signatures of the requisite number of freeholders, was by certiorari. He then referred to, and quoted at length from, the opinion in *Township of Clarence* v. *Dickinson, supra,* and concluded by saying:

"The legislature might have provided that the commissioners could have done just what they did do, and hence it follows that for an infraction of this legislative rule the remedy by certiorari was exclusive."

This case has been cited with approval in *Stellwagen* v. *Dingman, supra,* and *Auditor General* v. *Union Lake Land Co., supra,* and *Township of Lake* v. *Millar, supra.*

Counsel for the plaintiffs stresses the fact that a fraud was perpetrated on the commissioners by the false affidavits annexed to the petition. While these affidavits were made for the purpose of satisfying the commissioners that the application conformed to the statutory requirements, the fact that they were false, and that in the absence of them the commission would doubtless not have taken the action they did take, cannot in my opinion be sufficient ground for a claim that plaintiffs' constitutional rights were affected thereby.

Counsel also urges that the rule as stated has been modified or changed by our recent decisions in *Clinton* v. *Spencer,* 250 Mich. 135, and *Township of Lake*

v. *Millar, supra.* In those cases applications for drains were filed with the commissioners, and, assuming to act on them, sewers were constructed. The distinction is obvious.

The decree is reversed and set aside and one here entered dismissing the bill of complaint, with costs to the defendants.

North, Fead, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred with Nelson Sharpe, C. J.

Wiest, J. (*dissenting*). Defendants appeal from a decree voiding assessments for improving a public highway and permitting recovery of sums paid. The proceeding was voidable *ab initio* for want of sufficient signatures of owners of lineal frontage.

Defendants contend that, under the statute, 1 Comp. Laws 1929, § 4381, and holdings in *McDermott v. Board of County Road Com'rs of Kent County,* 199 Mich. 613; *Cummings* v. *Garner,* 213 Mich. 408; *Heliker* v. *Oakland County,* 216 Mich. 595; *Auditor General* v. *Union Lake Land Co.,* 239 Mich. 437, and decisions like *Township of Norton* v. *Cockerill,* 265 Mich. 405, upon comparable drain statutes, review is by certiorari only, and if not so tested the legality cannot thereafter be questioned in any suit at law or in equity.

Plaintiffs contend that certiorari is not the sole remedy in case of total want of jurisdiction to act and not the remedy at all in case the proceeding is founded upon fraud, forgery, false affidavit and false certificate. See *Clinton* v. *Spencer,* 250 Mich. 135; *Township of Lake* v. *Millar,* 257 Mich. 135.

Plaintiffs have no frontage on the highway and did not sign the petition for the improvement, but have property within the assessment district and some have paid levies assessed and others have paid instalments.

The circuit judge, in an opinion, stated:

"The petition (for the improvement) before the court does not contain a sufficient number of signatures. This alone in the opinion of the court would not entitle plaintiffs to relief as this question has been passed on in a number of cases."

The basis. for such holdings is that the number of signatures required is fixed by statute and the same statute cures a defect of that nature if not raised within a specified time.

The circuit judge also found that the supervisor of the township falsely certified that he had " 'compared the ownership of property represented by the signatures as signed to the foregoing petition with records in the office of the register of deeds and find that they are the owners in fee simple of more than 66 per cent. of the lands fronting on the road described in this petition.' "

The statute, 1 Comp. Laws 1929, § 4317, requires an application for the improvement to be signed by "owners of more than sixty-six per cent. of the lineal frontage of lands fronting or touching upon any highway or portion thereof," desired improved, and that "the eligibility of signers to any application hereby authorized shall be determined by their interest of record in the office of the register of deeds or in the probate court of the county in which such lands are situated, at the time the petition is presented."

Under the evidence the proceeding, at its inception, was illegal and void.

Was review by certiorari the sole remedy? If certiorari is the exclusive method of review, regardless of fraud, false certificate, false affidavit and forgery, at inception of the proceeding, then the de-

cree herein should be reversed and the bill dismissed. If, under such circumstances, certiorari is not the exclusive remedy then the decree, voiding the proceeding, should be affirmed.

Upon the question of remedy the adjudications in this jurisdiction cannot be harmonized into statement of a general rule, and it must be left for each case to rest upon its peculiar facts. It may be said, however, that want of jurisdiction, if apparent on the face of the proceeding, must be reviewed, if at all, by certiorari, and intermediate steps, if so voidable, must be so challenged. For, if so found, the statute authorizes correction and continuance of the proceeding. But, where want of jurisdiction at inception is concealed by fraud, false certificate, false affidavit and forgery, and not reasonably discoverable within the time fixed for review by certiorari, then the court of equity has jurisdiction.

It would be a sorry commentary on rights and remedies, under modern procedure, to hold that an illegal proceeding, like the one at bar, is vested with all the attributes and force of legality by failure of victims to uncover such fraud in season to have review by certiorari. No statute can supply substance to such a mere shell, nor stay right of the wronged to have remedy according to equity and good conscience.

Sufficient signatures of eligible owners of lineal frontage were not obtained. Eligibility of purported signers was not determined by interest of record, as required by the mentioned statute. Instead the supervisor of the township certified that he had made such comparison, which was untrue.

Attached to the petition was an affidavit in which the affiant deposed:

"That he circulated the foregoing petition, and that each signature thereon is genuine and is the signature of an owner of property fronting on the highway described."

This was false. Two signatures were either forged or unauthorized. The board of highway commissioners accepted the certificate of eligibility of signers and their ownership of lineal frontage and the affidavit of the genuineness of signatures as true, and rested action thereon. The petition gave the board of county road commissioners no power to act.

The remaining question is that of right of plaintiffs to have return of assessments paid.

Bonds were issued by the county to pay for the improvement, and in this court it is urged that the bondholders are necessary parties. The point seems not to have been raised in the circuit court. The obligation of the county on the bonds is not before us, and cannot have any bearing upon the question of validity of the proceeding here tested.

We agree with the following statement of the circuit judge:

"There is no actual fraud upon the part of any member of the road commission or * * * office force."

The false certificate and false affidavit worked a fraud.

The proceeding was void at every stage, and plaintiffs have been subjected to unlawful exactions which, if withstood without judicial pronouncement, would impose a tax enforceable by sale of the property assessed.

The decree should be affirmed, with costs to plaintiffs.

POTTER, J., concurred with WIEST, J.