CRAMPTON v DEPARTMENT OF STATE

ADMINISTRATIVE LAW—LICENSE REVOCATION—IMPARTIAL HEARING—
CONSTITUTIONAL LAW—STATUTES.

A statute which provides that the chief of police or a duly
authorized police officer from an incorporated city or village in
which the petitioner resides shall sit as a member of a licensing
appeal board in driver's license revocation cases is not uncon-
stitutional and will not be found violative of a driver's due
process right to a fair hearing before an impartial tribunal
where the record contains no proof of bias or unfairness on the
part of the police department representative (MCLA 257.322).

Appeal from Ingham, Donald L. Reisig, J. Sub-
mitted Division 2 June 10, 1974, at Lansing.
(Docket No. 17878.) Decided June 26, 1974. Leave
to appeal granted, 392 Mich 791.

Complaint by Clyde B. Crampton against the
Department of State for reinstatement of plain-
tiff's driver's license. Judgment for plaintiff. De-
fendant appeals. Reversed.

*Church, Wyble, Kritselis & Tesseris* (by *Thomas
H. Hay*), for plaintiff.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, and *Charles D.
Hackney* and *John D. Pirich*, Assistants Attorney
General, for defendant.

REFERENCES FOR POINTS IN HEADNOTE
1 Am Jur 2d, Administrative Law § 64.
51 Am Jur 2d, Licenses and Permits § 61.
Disqualification, for bias or interest, of member of occupation or
profession sitting in license revocation proceeding. 97 ALR2d
1210.

Before: QUINN, P. J., and V. J. BRENNAN and CARLAND,* JJ.

QUINN, P. J. Plaintiff was arrested on a charge of driving an automobile under the influence of liquor, MCLA 257.625; MSA 9.2325. He refused to take a chemical test pursuant to the implied consent law, MCLA 257.625c; MSA 9.2325(3). The notice required by MCLA 257.625e; MSA 9.2325(5) was sent to plaintiff November 30, 1972, and plaintiff requested a hearing before the license appeal board, MCLA 257.625f; MSA 9.2325(6).

The hearing was conducted by appeal board representatives of the Secretary of State and the local police department as provided by MCLA 257.322; MSA 9.2022. The appeal board refused to restore plaintiff's driving privileges and he filed for judicial review, MCLA 257.625f(3); MSA 9.2325(6)(3).

Plaintiff is a resident of Lansing and he was arrested by an officer of the Lansing Police Department. One of plaintiff's contentions in the trial court was that the proceedings before the license appeal board were void because the makeup of that board violated his right to due process. The reasoning advanced in support of this position was that a fair hearing before an impartial administrative body was not possible when one member of that body was a member of the same police department as the arresting officer whose credibility might determine the outcome of the administrative hearing. Concisely, the police department member of the license appeal board could not be fair and impartial in a situation which required him to judge the credibility of a fellow officer.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

No testimony was taken below. The cause was submitted on arguments and briefs. No specific acts or occurrences of bias on the part of the police department representative were shown. The trial court judgment held MCLA 257.322, requiring a police officer to sit in judgment upon a fellow police officer of the same community in hearing appeals under the provisions of MCLA 257.625f, *supra,* to be unconstitutional in violation of due process depriving plaintiff of a fair trial in a fair and impartial tribunal. The proceedings before the license appeal board were held void and plaintiff's operator's license was restored.

Defendant appeals. Plaintiff cross-appeals as to all issues raised below and denied or not decided by the trial court.

The record contains no proof of bias or unfairness on the part of the police department representative who sat on the license appeal board in this case. It does not appear that the arresting officer's credibility was even in issue. We are asked to assume the bias and unfairness relied on by the plaintiff and the trial court from the composition of the license appeal board and further to assume that the arresting officer's credibility was in issue and that that issue was resolved in favor of the arresting officer because of the bias of his fellow officer sitting on the license appeal board.

Is the presumption of statutory constitutional validity overcome by these assumptions that we are asked to make? We think not. As was stated in Clarence Twp v Dickinson, 151 Mich 270; 115 NW 57 (1908):

"I have no doubt cases may arise to which this law can have no constitutional application. Such a case will be presented if the proceedings before the drain commissioner violate constitutional rights. The fact that

such cases may arise is no reason for declaring the law unconstitutional. It is to be presumed that the legislature intended to enact a constitutional law and not an unconstitutional law (omitting citation), and it should be construed in accordance with this intent."

The issues raised by the cross-appeal have not been briefed and we consider them abandoned. The issue concerning the Attorney General, or his representative, sitting on the license appeal board is nonexistent in this case since neither the Attorney General nor his representative sat on the board in this case.

Reversed but without costs, a public question being involved.

All concurred.